| | |
|---|---|
| **KILPATRICK TOWNSEND & STOCKTON LLP**<br>STEVEN D. MOORE (State Bar No. 290875)<br>smoore@kilpatricktownsend.com<br>RISHI GUPTA (State Bar No. 313079)<br>rgupta@kilpatricktownsend.com<br>Two Embarcadero Center, Suite 1900<br>San Francisco, CA 94111<br>Telephone: (415) 576-0200<br>Facsimile: (415) 576-0300<br><br>MANSI H. SHAH (State Bar No. 244669)<br>mhshah@kilpatricktownsend.com<br>1302 El Camino Real, Suite 175<br>Menlo Park, CA 94025<br>Telephone: (650) 752-2445<br>Facsimile: (650) 618-8641<br><br>ALTON L. ABSHER III (*admitted pro hac vice*)<br>aabsher@kilpatricktownsend.com<br>ANDREW W. RINEHART (*pro hac vice pending*)<br>arinehart@kilpatricktownsend.com<br>1001 West Fourth Street<br>Winston-Salem, NC 27101<br>Telephone: (336) 607-7300<br>Facsimile: (336) 607-7500 | AMANDA N. BROUILLETTE (*pro hac vice pending*)<br>abrouillette@kilpatricktownsend.com<br>1100 Peachtree Street NE, Suite 2800<br>Atlanta, GA 30309-4528<br>Telephone: (404) 685-6775<br>Facsimile: (404) 541-3335<br><br>KASEY E. KOBALLA (*pro hac vice pending*)<br>kkoballa@kilpatricktownsend.com<br>4208 Six Forks Road, Suite 1400<br>Raleigh, NC 27609<br>Telephone: (919) 420-1712<br>Facsimile: (202) 315-3024<br><br>CHRISTOPHER P. SCHAFFER (State Bar No. 297558) *(Petition for Bar Membership pending)*<br>cschaffer@kilpatricktownsend.com<br>12255 El Camino Real, Suite 250<br>San Diego, CA 92130<br>Telephone: (858) 350-6161<br>Facsimile: (858) 408-3428 |

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>        Defendant. | Case No. 5:22-cv-03041-JSC<br><br>**APPLE INC.'S MOTION TO VACATE IN PART THE TRANSFER ORDER**<br><br>Date:     July 21, 2022<br>Time:    9:00 a.m.<br>Ctrm.:   Courtroom 8, 19th Floor<br>Judge:  Hon. Jacqueline Scott Corley<br><br>Complaint Filed:   June 18, 2021<br>Trial Date:          Not Set |

# NOTICE OF MOTION AND APPLE INC.'S MOTION TO VACATE IN PART THE TRANSFER ORDER

**PLEASE TAKE NOTICE** that on July 21, 2022 at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Jacqueline Scott Corley in Courtroom 8, on the 19th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue San Francisco, CA 94102, Defendant Apple Inc. ("Apple" or "Defendant") will, and hereby does, move the Court to grant Apple's Motion to Vacate in part the Transfer Order in the above matter. Apple's Motion is based on this notice of Motion, the accompanying Declaration of Rishi Gupta, Declaration of Ruben Larsson, Declaration of Brandon Garbus, Declaration of Kevin Hartnett, Declaration of Vitor Silva, Declaration of Krista Grewal, Declaration of Alex Pollard, Declaration of John Tolman, Declaration of Matthew Marks, Declaration of Jeremy Meyers, Declaration of Zao Yang, Declaration of Andrew O'Connell, Declaration of Fan Wang, and all other papers and arguments submitted in this matter and any other matters of which the Court may take judicial notice.

DATED: June 3, 2022  Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Steven D. Moore*
     STEVEN D. MOORE

Attorneys for Defendant Apple Inc.

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................1

II. FACTS .....................................................................................................................1

    A. The WDTX Court Grants Apple's Transfer Motion. ..........................................1

    B. The Transfer Order Includes A General "Credibility" Finding Regarding Mr. Rollins. ........................................................................................3

    C. The WDTX Court Denied Apple's Motion to Keep the Court's Harmful Statements Under Seal and Immediately Unsealed the Order. .....................................................................................................................7

III. LEGAL STANDARD ..............................................................................................8

IV. ARGUMENT ...........................................................................................................9

    A. The WDTX Court's Findings Regarding Mr. Rollins Were Clearly Erroneous. ..............................................................................................9

    B. New Evidence Further Contravenes The WDTX Court's Incorrect Findings. ...........................................................................................11

    C. It Would Be Manifestly Unjust To Maintain The Findings Regarding Mr. Rollins. ......................................................................................13

V. CONCLUSION ......................................................................................................14

# TABLE OF AUTHORITIES

Page

**Cases**

*Ali v. Stephens*,
 822 F.3d 776 (5th Cir. 2016) ................................................................................................... 13

*Brazos River Auth. v. GE Ionics, Inc.*,
 469 F.3d 416 (5th Cir. 2006) ................................................................................................... 10

*Louis v. Blackburn*,
 630 F.2d 1105 (5th Cir. 1980) ................................................................................................... 9

*Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*,
 275 F.3d 762 (9th Cir. 2001) ..................................................................................................... 8

*Metalcraft of Mayville, Inc. v. Toro Co.*,
 848 F.3d 1358 (Fed. Cir. 2017) ............................................................................................... 14

*Montes v. Janitorial Partners, Inc.*,
 859 F.3d 1079 (D.C. Cir. 2017) ................................................................................................. 9

*Sch. Dist. No. 5 v. Lundgren*,
 259 F.2d 101 (9th Cir. 1958) ..................................................................................................... 8

*Scramoge v. Apple Inc.*,
 Case No. 6:21-cv-00579 (W.D. Tex.) ................................................................................ passim

*United States v. Alexander*,
 106 F.3d 874 (9th Cir. 1997) ................................................................................................ 1, 8

*United States v. Allen*,
 587 F.3d 246 (5th Cir. 2009) ................................................................................................... 13

**Statutes**

28 U.S.C. § 1404(a) ..................................................................................................................... 1, 2

**Rules & Regulations**

Fed. R. Civ. P. 30(b)(6) .......................................................................................................... passim

Fed. R. Civ. P. 60 ............................................................................................................................ 8

Fed. R. Civ. P. 60(b) ....................................................................................................................... 8

Defendant Apple Inc. ("Apple") moves this Court to vacate incorrect and baseless findings the transferor Court made related to Apple's corporate representative in its Order granting Apple's motion to transfer ("Order").

## I. INTRODUCTION

This case was recently transferred from the Western District of Texas ("WDTX") pursuant to 28 U.S.C. § 1404(a). In the Order, in addition to weighing the convenience factors related to transfer, the Honorable Alan Albright of the Western District of Texas (hereinafter "WDTX Court") *sua sponte* issued an extended finding incorrectly disparaging the credibility of Apple's corporate representative, Mark Rollins, finding that he "lacks credibility before [the WDTX] Court." Without any evidence or even hearing Mr. Rollins testify, the WDTX Court declared that Mr. Rollins has "repeatedly" committed "offenses" by submitting "misleading" and "unreliable" declarations in support of Apple's transfer motions. Apple immediately moved to keep this order sealed to avoid the unwarranted irreparable harm to a private citizen's reputation, so that it could move to vacate those incorrect findings. Within 12 hours of the filing, and without holding a hearing, however, the WDTX Court denied Apple's motion and its request to keep the Order sealed pending an appeal. Instead, the WDTX Court immediately published the full Order.

Mr. Rollins, a finance manager at Apple, is a potential witness in this case with knowledge of sales and financial information concerning the accused products. He has engaged in no acts that could lead to an inference that he lacks credibility. The WDTX Court now lacks jurisdiction over this matter, so only this Court can rectify the harm caused by the incorrect and unsupported credibility findings in the Order. As shown below, this Court should vacate the credibility finding regarding Mr. Rollins because it is clearly erroneous and contravened by the evidence Apple has submitted herein. Without that correction, Apple and Mr. Rollins will suffer "manifest injustice." *United States v. Alexander*, 106 F.3d 874, 876 (9th Cir. 1997).

## II. FACTS

### A. The WDTX Court Grants Apple's Transfer Motion.

Scramoge, an Irish corporation with its principal place of business in Ireland, filed this

patent infringement action in the Waco Division of WDTX in June 2021.  Dkt. 1.[1]  Scramoge accused Apple, a California corporation, of infringing patents relating to structural aspects of wireless power receiving modules ("Accused Features").[2]  Apple moved to transfer the litigation to the Northern District of California pursuant to 28 U.S.C. § 1404(a) ("Motion").  Dkt. 37.  Apple supported its Motion with a declaration from Mr. Rollins, a finance manager at Apple, who stated under oath that the declaration was based on his "personal knowledge, [his] review of corporate records maintained by Apple in the ordinary course of business, and/or [his] discussions with Apple employees."  Dkt. 37-1 at ¶ 2.  Mr. Rollins stated that, if called to testify, he "could and would testify competently and truthfully to each of the statements in this declaration under oath."  *Id*.  Relying on Mr. Rollins's declaration, Apple identified the witnesses who would likely be the most relevant and knowledgeable on topics related to the Accused Features: Ruben Larsson, Brandon Garbus, Vitor Silva, Krista Grewal, and Mark Rollins.[3]  Mr. Larsson and Mr. Garbus are technical witnesses, Mr. Silva is Apple's marketing witness, Ms. Grewal is Apple's licensing witness, and Mr. Rollins (the subject of this motion) is Apple's finance witness and venue declarant.  Each of these witnesses appears in Apple's initial disclosures, and Mr. Rollins will likely be Apple's Rule 30(b)(6) witness and may be a trial witness on damages.

      Mr. Rollins spoke with each of the individuals identified in his declaration to confirm the groups in which they work, the scope of their responsibilities, their locations, what types of documents they work on, and how long they have been employed by Apple.[4]  Only after verbally confirming these facts did he execute his declaration attesting to them under penalty of perjury.  The declarations attached in support of this motion confirm that each witness spoke with Mr. Rollins about the relevant facts set forth in his declaration and confirmed them to be true and

---

[1] Unless otherwise stated, docket entries cited herein relate to *Scramoge v. Apple Inc*., Case No. 6:21-cv-00579 (W.D. Tex.).

[2] U.S. Patent Nos. 10,622,842 ("the '842 Patent"), 9,806,565 ("the '565 Patent"), 10,804,740 ("the '740 Patent"), 9,843,215 ("the '215 Patent"), and 9,997,962 ("the '962 Patent") (collectively, the "Asserted Patents").

[3] Apple also identified Rohan Dayal as a potentially relevant witness for the Apple Watch, which Scramoge accused of infringing U.S. Patent No. 10,424,941.  Scramoge dismissed that patent, however, after Apple moved to transfer.

[4] Mr. Rollins spoke with Mr. Larsson, Mr. Garbus, and Ms. Grewal on October 19, 2021, with Mr. Silva on October 14, 2021, and with Mr. Hartnett on October 20, 2021.  *See* Declarations of Ruben Larsson ("Larsson Decl."), Brandon Garbus ("Garbus Decl."), Krista Grewal ("Grewal Decl."), Vitor Silva ("Silva Decl."), and Kevin Hartnett ("Hartnett Decl."), ¶ 4.

correct. *See* Larsson Decl., Garbus Decl., Grewal Decl., Hartnett Decl. and Silva Decl. at ¶¶ 3–5.

Mr. Rollins's declaration provided facts relevant to the analysis of the venue-convenience factors: the location of technical and financial documents relevant to the accused products; the location of Apple witnesses knowledgeable about Scramoge's allegations, including their titles, job responsibilities, and team structures; and information regarding Apple's sales and retail activities. Dkt. 37-1. Mr. Rollins did not opine on any technical question regarding Scramoge's infringement allegations or Apple's products; rather, he expressly based his understanding of the technology at issue on discussions with Apple employees and "Scramoge's complaints and preliminary infringement contentions." *Id*. at ¶¶ 2, 5.

During the venue discovery period, Scramoge noticed a Rule 30(b)(6) deposition of Mr. Rollins but then chose not to depose him or otherwise test the assertions in his declaration. Nonetheless, in its opposition to Apple's Motion, Scramoge contended that Mr. Rollins's declaration lacked detail about the location of physical and electronic evidence—detail that Scramoge did not pursue in discovery. Dkt. 67 at 2–3. Scramoge also argued, relying mainly on LinkedIn profiles for support, that there were six Apple employees who possess relevant knowledge located in Austin, Texas. *Id*. at 7–8. On reply, based on the new information Scramoge introduced regarding the allegedly relevant employees, Mr. Rollins provided a second declaration, and described under oath the locations and job responsibilities of the current and former Apple employees named in Scramoge's opposition, again based on conversations with those employees and a former employee's manager. *See* Dkt. 72-1. Mr. Rollins's reply declaration demonstrated that Scramoge was factually incorrect about the relevance and location of most these witnesses. *Id*.

On May 17, 2022, the WDTX Court issued a sealed order granting Apple's transfer motion and inappropriately attacking Mr. Rollins's credibility. Dkt. 77.

### B. The Transfer Order Includes A General "Credibility" Finding Regarding Mr. Rollins.

Unprompted by the parties, the WDTX Court included in its Order an incorrect finding on Mr. Rollins's credibility along with a six-page section titled "Repeat Declarant Mark Rollins

- 3 -

Lacks Credibility." Dkt. 82 at 3–9.

*First*, the WDTX Court weighed the evidence before it in a manner that contravenes basic evidentiary practices. The WDTX Court faulted Mr. Rollins for providing "uninformed" statements in his reply declaration that contradicted Scramoge's allegations in its opposition. *Id.* at 8-9. Scramoge had identified, through unverified LinkedIn profiles, potential Apple witnesses in Austin, Texas, who, *if relevant*, could be weighed against transfer. Dkt. 67 at 7-8. Mr. Rollins submitted a reply declaration rebutting Scramoge's assertions. Dkt. 72-1. Nevertheless, the WDTX Court found that, on balance, Scramoge's unsworn LinkedIn "evidence" outweighed Mr. Rollins's sworn declaration. Like with his first declaration, Mr. Rollins spoke with each employee to confirm that all but one of them had no relevance to the Accused Features, and executed his declaration only after the relevant person verbally confirmed each fact set forth in the declaration.[5] But the WDTX Court found that Mr. Rollins was "uninformed" because he "must not" have talked to anyone (or at least not the right people) before completing his original declaration. Dkt 82 at 8–9. Yet again, the WDTX Court pointed to no factually incorrect statements made by Mr. Rollins. The fact that Mr. Rollins had not spoken to employees who were irrelevant to the claims in the litigation cannot weigh against his credibility or diligence.

Perhaps the most erroneous of all was Judge Albright's clearly erroneous finding about the location of a former Apple employee cited by Scramoge in its opposition: Fan Wang. *Id*. at 13. Ms. Wang was an AC/DC Adapter Design Engineer in the Adapter Group at Apple who previously lived in Austin, Texas, whose role was not related to the Accused Features. *See* Dkt. 72-1 at ¶ 11; Declaration of Fan Wang ("Wang Decl.") at ¶ 3. Mr. Rollins's declaration, supported by conversations with Ms. Wang's former supervisor, stated that Ms. Wang left Apple and Texas and relocated to China. Dkt. 72-1 at ¶ 11; O'Connell Decl. at ¶ 4. The LinkedIn profile that Scramoge identified also showed that her new position was in Shanghai. Dkt. 68-1, Ex. 3. Despite that—and because her "personal location" in LinkedIn had yet to be updated to

---

[5] Mr. Rollins spoke with Alex Pollard, John Tolman, Matthew Marks, Jeremy Meyers and Zao Yang on April 6, 2022, and with Andrew O'Connell on April 8, 2022. *See* Declarations of employees Alex Pollard ("Pollard Decl."), John Tolman ("Tolman Decl."), Matthew Marks ("Marks Decl."), Jeremy Meyers ("Meyers Decl."), Zao Yang ("Yang Decl.") at ¶ 4; Declaration of Andrew O'Connell ("O'Connell Decl.") at ¶5.

- 4 -
APPLE INC.'S MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 5:22-CV-03041-JSC

Shanghai—Judge Albright found that "Ms. Wang resides in Austin, Texas." Dkt. 82 at 13. This is not accurate. As Mr. Rollins attested to and Ms. Wang has since confirmed, after departing Apple, Ms. Wang relocated to Shanghai, China, to begin a new venture, Shanghai Biling Technology Co., Ltd., which also operates as Alpha Cen. Wang Decl. at ¶ 2–3. She lives in Shanghai, not Austin, and has not been in the United States within the last year. *Id.* at ¶ 3.

Further, Ms. Wang did not even work on the Accused Features. *Id.* Instead, her work involved the adapter design for USB-C and USB-A adapters that plug into a wall outlet. *Id.* Nonetheless, and without any evidence or even any argument from Scramoge in support, Judge Albright concluded not only that Ms. Wang still lives in Texas, but that she also has knowledge relevant to the Accused Features, *i.e.*, wireless power receiving modules, because of her work on "power adapter designs." Dkt. 82 at 13. Power adapter designs are not relevant to the Accused Features. *See* Wang Decl. at ¶ 3. Judge Albright used these incorrect findings about Ms. Wang as a basis to inform his overall finding that Mr. Rollins lacks credibility. To find a witness not credible based on blatantly incorrect facts is not appropriate.

In yet another unfounded inference, the WDTX Court concluded that Mr. Rollins "must not have" talked to "any of Ms. Wang's power design colleagues in Austin." Dkt. 82 at 13. This too, is false, and it directly contravenes Mr. Rollins's declaration. Dkt. 72-1 at ¶ 11. Mr. Rollins explained that he spoke with Andrew O'Connell, Ms. Wang's former manager, about her former role at Apple, its relation (if any) to the Accused Features, and her current location. *See id.* Despite Apple providing this evidence in its reply, the WDTX Court incorrectly found that Ms. Wang resides in Austin, Texas. And the WDTX Court incorrectly stated that Scramoge had argued that Mr. Rollins "provided a vague, incomplete, and generally unreliable declaration" (citing "Dkt. 67, *passim*"), when Scramoge had proffered no such argument.[6] Indeed, it would have been difficult for Scramoge to contest the reliability of Mr. Rollins's declaration, given that Scramoge declined to take his deposition.

*Second*, despite Scramoge's limited complaints regarding Mr. Rollins's declaration, the

---

[6] In its transfer opposition, Scramoge criticized two discrete assertions in Mr. Rollins's declaration—both regarding the nature of Apple's evidence in California—as vague. Dkt. 67 at 2–3. But Scramoge nowhere suggested that the declaration was "incomplete" or "unreliable."

- 5 -
APPLE INC.'S MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 5:22-CV-03041-JSC

WDTX Court issued broad and retroactive pronouncements about Mr. Rollins's credibility. For example, the WDTX Court stated that "Mr. Rollins frequently and repeatedly submitted unreliable and misleading declarations to this Court." Dkt. 82 at 4; *see also id*. at 9 n.3. But the Order did not support this accusation with examples of unreliable or misleading statements made by Mr. Rollins. The WDTX Court then characterized Mr. Rollins as "Apple's professionally paid venue witness" and speculated that his work preparing declarations "requires him to have spent weeks or months reviewing patent complaints, asserted patents, and infringement contentions" covering a range of technologies. *Id*. at 6. Asserting that Mr. Rollins frequently "supplies declarations on a wide scope of unrelated, technologically complex topics," the WDTX Court assumed that he "must rely on his attorneys to selectively spoon feed him information," and therefore found that he has "no credibility." *Id*. However, the WDTX Court's Order did not identify any "technologically complex" assertion made by Mr. Rollins in any declaration. Indeed, the only specific technological statement to which the WDTX Court cited was simply a description of the work of an Apple employee to whom Mr. Rollins spoke while preparing his declaration. *Id*. at 7 (quoting Ex. 37-1 at ¶ 11 n.1).

*Third*, the WDTX Court then faulted Mr. Rollins for routine actions that corporate representatives regularly and necessarily engage in under Rule 30(b)(6). Specifically, the WDTX Court criticized Mr. Rollins for: (1) "review[ing] attorney-selected documents and talk[ing] to attorney-selected witnesses"; (2) offering information learned through his review of Apple records and discussions with Apple employees; (3) using Bluebook signals in citations; and (4) "[w]orst of all," in the WDTX Court's view, ensuring that his under-oath statements were limited to his personal knowledge. Dkt. 82 at 6–9.

Seemingly for no other reason than that Mr. Rollins acted as a corporate witness—as authorized under FRCP 30(b)(6), the WDTX Court included the following unjustified statements about him in a public, signed order: (1) he makes "uninformed statement[s]"; (2) he performed a "deficient investigation"; (3) he is "unreliable"; (4) he has committed "offenses across many cases"; and (5) he has "frequently and repeatedly" submitted "misleading declarations." Dkt. 82 at 4, 8–9, 9 n.3. The WDTX Court explained that it provided a "detailed" account of Mr. Rollins's

"offenses" "so that other courts and administrative agencies can similarly discount his credibility." *Id*. at 9 n.3. In other words, the WDTX Court sought to impugn Apple's key finance witness in this case, not just in WDTX, but in this Court and others as well. *See id.*

### C. The WDTX Court Denied Apple's Motion to Keep the Court's Harmful Statements Under Seal and Immediately Unsealed the Order.

Because the parties filed their briefs under seal, the WDTX Court initially issued its transfer order under seal, ordering the parties to submit redactions within one week. Dkt. 77. Though the WDTX Court granted Apple's motion to transfer, it retained limited jurisdiction to determine which of the parties' proposed redactions to accept for the public version of the Order. Given the extraordinary and unanticipated nature of the credibility finding, Apple required additional time to consider the appropriate course of action. The parties jointly agreed on an eight-day extension of the deadline to file redactions. But the WDTX Court denied that joint request and required the parties to submit redactions by the next day. As ordered, Apple filed its proposed redactions seeking to redact the WDTX Court's unwarranted and false statements about Mr. Rollins and one item of confidential business information. At the same time, Apple filed a motion to seal the Order to prevent irreparable harm to Apple and Mr. Rollins from the WDTX Court's false statements. Apple requested full briefing on the matter and asked to keep the material under seal pending resolution of the motion to seal (and any subsequent appeal). Dkt. 80.

Without holding a hearing, the WDTX Court denied Apple's motion to seal almost immediately. And it disregarded Apple's request to maintain the transfer order under seal pending appellate review, instead immediately publishing the full Order (except for the single piece of confidential business information that Apple identified) on the public docket. Mr. Rollins's reputation quickly suffered. Media outlets published the incorrect and baseless facts and included further falsities propagated by the WDTX Court's Order. For example, one article is titled "Apple Wins Transfer of Patent Suit, After Judge Slams Expert." *See* Declaration of Rishi Gupta ("Gupta Decl."), Ex. A. Mr. Rollins is of course not an expert. But because the WDTX Court incorrectly painted him as such, without any support, the media latched on and amplified the unjustified criticisms. The article further employed the WDTX Court's findings throughout and specifically

noted that Mr. Rollins was deemed a "'professionally paid venue witness' so other courts 'can similarly discount his credibility.'" *Id.*

In addition, the WDTX Court issued an opinion on sealing that again suggested Mr. Rollins has made "repeatedly inaccurate statements," though it identified no specific inaccuracy. Dkt. 81 at 5. The WDTX Court stated that Mr. Rollins has "fail[ed] to fully investigate," though it identified no deficiency in any investigation. *Id.* And the WDTX Court stated that Mr. Rollins has filed "repeated declarations on topics that he knows nothing about," again without identifying any such topic or any purportedly uninformed statement in any declaration. *Id.*

Mr. Rollins is Apple's key finance witness in this case. This incorrect credibility finding has the potential to affect how this Court or a jury may weigh Mr. Rollins's testimony in this matter as well as others. Further, with this case now transferred to this Court, there is no jurisdiction in WDTX for Apple to seek redress for the numerous false and unjustified statements that the WDTX Court made about Mr. Rollins's credibility. Thus, Apple brings this Motion here as to this witness whom Apple has designated as providing testimony on its behalf for topics related to finance and venue.

## III. LEGAL STANDARD

A trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment as justice so requires. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958); *see also* Fed. R. Civ. P. 60(b) advisory committee's note ("interlocutory judgments are not brought within the restrictions of [Rule 60], but rather they are left subject to the complete power of the court rendering them to afford such relief from them as justice requires."). The law-of-the-case doctrine generally prevents courts from "reexamin[ing] an issue previously decided by the same or higher court in the same case." *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001). But a trial court has discretion to depart from the law of the case, including when: (1) the first decision was clearly erroneous; (2) the evidence is substantially different; or (3) a manifest injustice would otherwise result. *Alexander*, 106 F.3d at 876.

## IV. ARGUMENT

This Court should exercise its discretion to vacate and strike the transfer order's credibility finding about Mr. Rollins because that finding is clearly erroneous, contrary to additional new evidence, and manifestly unjust.

### A. The WDTX Court's Findings Regarding Mr. Rollins Were Clearly Erroneous.

The credibility determination that Apple seeks to vacate is wrong on the facts and wrong on the law. In particular, the WDTX Court: (1) based its findings on no evidence, resulting in findings that actually contravened the sworn evidence presented by Mr. Rollins; and (2) took umbrage with routine corporate representative practices that Mr. Rollins engaged in. Because the credibility determination is baseless and contravenes basic corporate representative practices, it was clearly erroneous and this Court should vacate the WDTX Court's finding.

*First*, the WDTX Court had no evidentiary basis to judge Mr. Rollins's credibility, particularly in the far-reaching way reflected in the Order. Since Scramoge chose not to depose Mr. Rollins, the WDTX Court had no deposition transcript or other form of cross-examination from which to assess credibility. Nor did the WDTX Court hear testimony from Mr. Rollins directly, as it ignored Apple's request for oral argument on the motion to transfer. Dkt. 75; *but see Louis v. Blackburn*, 630 F.2d 1105, 1110 (5th Cir. 1980) ("[T]he fact finder must observe the witness."). Indeed, instead of evidence, the WDTX Court relied on prior cases (in which his credibility had not been questioned by the Court) to demonstrate that based on the sheer number of declarations Mr. Rollins has submitted regarding venue, he is somehow not credible. Dkt. 82 at 4-6. Moreover, in opposition, Scramoge challenged only two of Mr. Rollins's statements about the location of Apple's evidence in California as "vague[]"; it did not otherwise contest Mr. Rollins's assertions, let alone suggest that he was unreliable, lacked credibility, or testified improperly about technical matters. Dkt. 67 at 2–3; *see also* Dkt. 72 at 1–2. Thus, the WDTX Court's credibility analysis is necessarily uninformed by the adversarial process. But "a district court cannot rest its decision simply on the paper record if a factual dispute's resolution turns on the parties' credibility." *Montes v. Janitorial Partners, Inc.*, 859 F.3d 1079, 1084–85 (D.C. Cir. 2017) (reversing district court's credibility determination for abuse of discretion). Nevertheless, the

- 9 -

WDTX Court took the extraordinary step of explaining that it provided a "detailed" account of Mr. Rollins's "offenses" "so that other courts and administrative agencies can similarly discount his credibility." Dkt. 82 at 9 n.3.

*Second*, the WDTX Court's credibility findings contradict Rule 30(b)(6) and related case law about testimony from corporate witnesses. A corporation "must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources"—including when an issue "is not within [the designee's] direct personal knowledge." *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433-34 (5th Cir. 2006). But the WDTX Court faulted Mr. Rollins for engaging in this practice. For instance, the WDTX Court faulted Mr. Rollins for preparing his sworn declaration by reviewing documents and interviewing witnesses, Dkt. 82 at 7–8, even though Mr. Rollins had to conduct that review as a corporate representative witness. And despite denouncing Mr. Rollins for investigating corporate records and witnesses, the WDTX Court also objected to Mr. Rollins's declaration as "incomplete" because his statements were limited to his personal knowledge—whether preexisting or gleaned through his investigation. *Id.* at 3. The WDTX Court also seemingly faulted Mr. Rollins for not preemptively identifying every irrelevant Apple employee in Austin with a technical job title whose profile Scramoge might later discover on LinkedIn.[7] *Id.* at 7. The WDTX Court levelled baseless criticisms that Mr. Rollins's statements were "misleading" and "unreliable," without any supporting evidence. *Id.* at 4. Mr. Rollins is not, as the WDTX Court charged, a "professionally paid venue witness," *id*. at 6; rather, he is simply a corporate representative who provided truthful information on his employer's behalf. But the WDTX Court chose to single him out with unfounded criticisms that cast Mr. Rollins as untrustworthy.

Because the credibility finding was clearly erroneous, this Court should vacate the WDTX

---

[7] Mr. Rollins's supplemental declaration explained why the six Apple employees in Austin whom Scramoge identified were not relevant to this case. Dkt. 72-1. The WDTX Court disagreed with Apple's showing of irrelevance, making technical judgments of its own in doing so. Dkt. 82 at 16. But that disagreement does not mean that Mr. Rollins said anything untruthful or that his investigation was "deficient." Indeed, the standard for investigation implied by the WDTX Court's criticisms would be impossible to meet, essentially calling Mr. Rollins's credibility into question because he did not prove a negative—that no employee in Austin does any work relevant to the Accused Features. It is not feasible to interview every technical employee in Austin instead of taking the reasonable, diligent path of interviewing witnesses on teams that actually work on the Accused Features to determine their relevance and locations—which is precisely what Mr. Rollins did.

- 10 -
APPLE INC.'S MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 5:22-CV-03041-JSC

1  Court's credibility finding.

2  **B.     New Evidence Further Contravenes The WDTX Court's Incorrect Findings.**

3  The WDTX Court's credibility finding is clearly erroneous on the record before it.  But
4  new evidence establishes that the order is wrong for an additional reason, providing an
5  independent basis to grant Apple's motion.  *See* Larsson Decl., Garbus Decl., Grewal Decl.,
6  Hartnett Decl., Silva Decl., Pollard Decl., Tolman Decl., Marks Decl., Meyers Decl., Yang Decl.,
7  O'Connell Decl., and Wang Decl.

8  The WDTX Court found that Mr. Rollins made the "uninformed statement" that "[t]o the
9  best of [his] knowledge," based on "personal knowledge, [his] review of corporate records …
10 and/or discussions with Apple," that "the Apple employees with relevant information regarding
11 the Accused Features and Accused Products are located in NDCA, San Diego, CA, and Auckland,
12 New Zealand."  Dkt. 82 at 8–9 (quoting Rollins Decl. at ¶¶ 2, 17).  But this statement was not
13 "uninformed," and is in fact true.  After the WDTX Court issued its transfer order, Brandon
14 Garbus provided an additional declaration, attached to this motion.  Mr. Garbus is a Senior
15 Manager in the Wireless Charging Technology Group.  Dkt. 37-1 at ¶ 10; Garbus Decl. at ¶ 3.  His
16 declaration states that "the Wireless Charging Technology Group," relevant to the accused
17 products in this case, "is located in NDCA, exception for a few employees located in San Diego,
18 California, Auckland, New Zealand, and the single employee who moved from NDCA to WDTX
19 for personal reasons in 2018."  *See id.*  Mr. Rollins's statement was correct, and the Garbus
20 Declaration further confirms that fact.

21 Moreover, the WDTX Court held that Scramoge "convincingly rebut[ted] Mr. Rollins's
22 statement by identifying six relevant Apple witnesses located in Austin (Alexander Pollard, John
23 Tolman, Matthew Marks, Jeremy Meyers, Zao Yang, and Andrew O'Connell) and by supporting
24 each argument with evidence. … Thus, Mr. Rollins must not have been given any corporate
25 records that mention these Apple witnesses nor talked to individuals before making his
26 declaration.  The Court finds that the 'best' of Mr. Rollins's knowledge is based on a deficient
27 investigation."  Dkt. 82 at 9.  Based on this assumption, the WDTX Court found that these six
28 witnesses were relevant to this case.  *Id.*  That is demonstrably false.  By "evidence," the WDTX

APPLE INC.'S MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 5:22-CV-03041-JSC

Court meant public and unverified LinkedIn profiles. Dkt. 82 at 9. By using these profiles and making its own technical judgments that contravene Mr. Rollins's sworn declaration (*see* Dkt. 82 at 16), the WDTX Court found that these profiles somehow rebutted Mr. Rollins's sworn declaration attesting that five of the six employees do not work on the Accused Features. Mr. Rollins made that declaration only after interviewing those employees or their direct supervisors. *Id*. at 13. A public LinkedIn profile cannot justify rejecting a sworn declaration, much less finding the declarant wholly lacking in credibility.

Here, in support of this Motion, Apple now provides declarations from each individual whom the WDTX Court incorrectly found to be relevant after wrongly discrediting Mr. Rollins. Each individual attests to (1) their role at Apple, (2) that their work does not relate to the Accused Features, (3) that they discussed their role with Mr. Rollins prior to Mr. Rollins executing his declarations, and (4) that they have reviewed Mr. Rollins's declaration and the facts set forth therein were true and correct. *See* Pollard Decl. at ¶ 3-5; Tolman Decl. at ¶ 3-5; Marks Decl. at ¶ 3-5; Meyers Decl. at ¶ 3-5; Yang Decl. at ¶ 3-5; O'Connell Decl. at ¶ 3-6.

Further, the WDTX Court made yet another incorrect finding about Fan Wang, a former Apple employee. The WDTX Court relied on her outdated personal location on LinkedIn to hold that she "resides in Austin, Texas," even though her profile also stated that she worked in Shanghai. Dkt. 82 at 13. Mr. Rollins spoke with Ms. Wang's former manager, Mr. O'Connell, who confirmed that Ms. Wang moved to China after leaving Apple. *See* Dkt. 72-1 at ¶ 11. The WDTX Court also found that she possessed relevant knowledge to the Accused Features, *i.e.*, wireless power receiving modules, because of her work on "power adapter designs." Dkt. 82 at 13. This is incorrect. *See* Wang Decl. at ¶ 3. Ms. Wang did not work on the Accused Features, rather her work involved design of USB-C and USB-A adapters that plug into a wall outlet. *Id.* Apple now supports this motion with a declaration from Fan Wang herself, who has confirmed that her work at Apple did not relate to the Accused Features and that, after departing Apple, she moved from Texas and relocated to Shanghai, China, to begin a new venture, Shanghai Biling Technology Co., Ltd., which operates as Alpha Cen. Wang Decl. at ¶ 3. She has not been in the United States within the last year. *Id*.

1    The WDTX Court thus made numerous unsupported and erroneous findings. The WDTX

2    Court could only support these theories by "resolv[ing] all conflicting evidence, where provided

3    [whatever the veracity], against Mr. Rollins." Dkt. 82 at 3. Apple now puts forth evidence from

4    each employee listed in both of Mr. Rollins's declarations to demonstrate that Mr. Rollins

5    investigated each fact prior to attesting to them under penalty of perjury, and that each fact was

6    true and correct. Based on this substantial evidence and the record before the district court, this

7    Court should vacate the WDTX Court's findings.

### C. It Would Be Manifestly Unjust To Maintain The Findings Regarding Mr. Rollins.

10   Mr. Rollins is listed on Apple's initial disclosures as its finance witness. He is likely to be

11   Apple's Rule 30(b)(6) witness, and perhaps a trial witness on topics relating to damages. And his

12   testimony may inform Apple's damages experts' opinions. An incorrect and baseless negative

13   credibility finding of this nature has the potential to cast a cloud on any testimony he provides in

14   this case (and future cases). It would also grant Scramoge an unfair and incorrect avenue to

15   challenge his credibility before this Court or a jury. It is unduly prejudicial for Apple's key

16   financial witness to testify while this clearly erroneous finding has the potential to cast doubt in

17   the mind of any factfinder. It is within the authority of this Court to vacate this finding because

18   witness credibility determinations are quintessential fact-specific decisions, "peculiarly within the

19   province of the [factfinder]" in a given case. *Ali v. Stephens*, 822 F.3d 776, 784 (5th Cir. 2016)

20   (internal quotation marks omitted); *United States v. Allen*, 587 F.3d 246, 257 (5th Cir. 2009)

21   ("Witness credibility and the weight of the evidence are the exclusive province of the fact-

22   finder.")

23   Additionally, the credibility determination played almost no role in the substantive transfer

24   analysis and, in fact, contravened the ultimate outcome. In analyzing the private- and public-

25   interest factors under Fifth Circuit law, the transfer decision largely credited Mr. Rollins's

26   declaration. *E.g.*, Dkt. 82 at 11, 15, 17–18. And the Order would have come out in Apple's favor

27   with or without the credibility determination. The Court sought to publish this incorrect

28   credibility finding "so that other courts and administrative agencies can similarly discount [Mr.

Rollins's] credibility," Dkt. 82 at 9, as evidenced by the fact that the WDTX Court immediately unsealed its Order after denying Apple's motion to seal—just twelve hours after Apple filed the motion—despite Apple's explicit request to keep the Order sealed pending appellate review of that decision.

Further, this Order has already unjustly inflicted irreparable harm to Mr. Rollins himself through the media's portrayal of the credibility finding. *See* Gupta Decl., Ex. A (citing portions of the Order calling Mr. Rollins a "professionally paid venue witness," "unreliable," and "misleading.") Reputational harm "cannot be quantified, no amount of money damages is calculable, and therefore the harm cannot be adequately compensated and is irreparable." *Metalcraft of Mayville, Inc. v. Toro Co.*, 848 F.3d 1358, 1368 (Fed. Cir. 2017). Mr. Rollins is a private citizen with a personal and professional reputation. This inaccurate public description of his credibility may follow him and limit his career potential, at Apple or elsewhere. It would be manifestly unjust to allow these incorrect findings, supported with the seal of a federal judge, to go unrebutted. Apple implores this Court to vacate the prior finding on Mr. Rollins's credibility, and Apple's only remedy to seek this relief is before this Court since the Order divested the WDTX Court of jurisdiction over this matter.

## V. CONCLUSION

Apple requests that this Court vacate the incorrect and baseless credibility finding about Mr. Rollins in the Order.

DATED: June 3, 2022          Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP


By: */s/ Steven D. Moore*
    STEVEN D. MOORE

Attorneys for Defendant Apple Inc.