RUSS, AUGUST & KABAT
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (*pro hac vice*)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (*pro hac vice*)
shasenour@raklaw.com
Drew B. Hollander (*pro hac vice*)
dhollander@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
12424 Wilshire Boulevard, 12th Floor
Los Angeles, California 90025
Telephone:   (310) 826-7474
Facsimile:(310) 826-6991

Attorneys for Plaintiff
*Scramoge Technology Limited*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LTD., <br><br> Plaintiff, <br><br> vs. <br><br> APPLE INC., <br><br> Defendant. | Case No. 3:22-cv-03041-JSC <br><br> **SCRAMOGE TECHNOLOGY LTD.'S OPPOSITION TO APPLE INC.'S MOTION TO VACATE IN PART THE TRANSFER ORDER** <br><br> **JURY TRIAL DEMANDED** <br><br> Date:       July 28, 2022 <br> Time:      9:00 a.m. <br> Ctrm.:    Courtroom 8, 19th Floor <br> Judge:    Hon. Jacqueline Scott Corley <br><br> Complaint Filed:    June 18, 2021 <br> Trial Date:            Not Set |

RUSS, AUGUST & KABAT

# **TABLE OF CONTENTS**

I.    INTRODUCTION ................................................................................. 1

II.   BACKGROUND ................................................................................. 1

III.  LEGAL AUTHORITIES .................................................................... 4

IV.   ARGUMENT ....................................................................................... 6

    A.    Apple's Motion Is Procedurally Defective ............................... 6

        1.    Apple Did Not Request Leave of Court .......................... 6

        2.    Apple Did Not Show Reasonable Diligence ................... 7

        3.    Apple Repeats Arguments Made to the WDTX Court .................. 7

    B.    Apple Fails to Satisfy Any Grounds to Reconsider the WDTX Court's Order ...................................................................... 10

        1.    Apple Identifies No New Facts or Law .......................... 10

        2.    Apple Was Dilatory in Substantiating Its Claims.......... 10

        3.    Apple Cannot Show Manifest Failure by the WDTX Court to Consider Material Facts or Dispositive Legal Arguments ....... 11

    C.    Apple's Motion Should Be Denied As Futile ...................... 15

V.    CONCLUSION ................................................................................. 15

RUSS, AUGUST & KABAT

RUSS, AUGUST & KABAT

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ametek Inc. v. Hewlett-Packard Co.*,
  No. C-90-20278-DLJ, 1990 WL 10072473 (N.D. Cal. July 10, 1990) .........4

*Arigna Tech. Ltd. v. Samsung Elecs. Co., Ltd.*,
  No. 6:21-cv-00943-ADA Dkt. No. 85 (W.D. Tex. June 2, 2022)................15

*Castner v. First Nat'l Bank of Anchorage*,
  278 F.2d 376 (9th Cir. 1960).........................................................................4

*Christianson v. Colt Indus. Operating Corp.*,
  486 U.S. 800 (1988) ....................................................................................4

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*,
  No. 20-CV-709 JLS (JLB), 2021 WL 230029 (S.D. Cal. Jan. 22, 2021) ...5, 6

*Dennis v. Chappell*,
  No. 5:98-CV-21027-JF, 2014 WL 710102 (N.D. Cal. Feb. 24, 2014) .........11

*DeVries v. Experian Info. Sols., Inc.*,
  No. 16-CV-02953-WHO, 2017 WL 3394750  (N.D. Cal. Aug. 8, 2017).......7

*E.E.O.C. v. Serrano's Mexican Rests., LLC*,
  306 F. App'x 406 (9th Cir. 2009) ................................................................4

*Equilon Enters. LLC. v. Shahbazi*,
  No. C 05-05102, 2007 WL 2900563 (N.D. Cal. Oct. 1, 2007)....................10

*Fairbank v. Wunderman Cato Johnson*,
  212 F.3d 528 (9th Cir. 2000).........................................................................4

*Future Link Sys., LLC v. Apple Inc.*,
   No. 6:21-cv-00263-ADA-DTG, Dkt. Nos. 44-03, 44-04, 44-05, 44-06, 44-
  07 (W.D. Tex. Nov. 24, 2021) ....................................................................12

*Georgia-Pac. Corp. v. U.S. Plywood Corp.*,
  318 F. Supp. 1116 (S.D.N.Y. 1970)............................................................14

*Hammers v. Mayea-Chang*,
  No. 2:19-CV-00181-JRG, 2019 WL 6728446 (E.D. Tex. Dec. 11, 2019) ...11

*In re Google Play Store Antitrust Litig.*,
  556 F. Supp. 3d 1106 (N.D. Cal. 2021) ....................................................6, 14

*Jamison v. Ayers*,
  No. C 08-5601 PJH PR, 2010 WL 3293704 (N.D. Cal. Aug. 18, 2010) ........7

*Murphy v. Schneider Nat'l, Inc.*,
  362 F.3d 1133 (9th Cir. 2004)......................................................................11

*Neonode Smartphone LLC v. Apple Inc.*,
No. 6:20-cv-00505-ADA, Dkt. Nos. 27-08, 27-14 (W.D. Tex. Nov. 5, 2020) ...................................................................................................................12

*Optis Wireless Tech., LLC v. Apple Inc.*,
No. 2:19-cv-00066-JRG, Dkt. No. 222 (E.D. Tex. June 19, 2020) .............15

*Victor v. R.C. Bigelow, Inc.*,
No. 13-CV-02976-WHO, 2015 WL 5569716  (N.D. Cal. Sept. 21, 2015) ..10

*Yamauchi Corp. v. Albany Int'l Corp.*,
No. CV 13-1601-DOC AJWX, 2013 WL 4503362, (C.D. Cal. Aug. 21, 2013) ..........................................................................................................5


**Other Authorities**

N.D. Cal. Civil L.R. 7-9(a) ................................................................................5, 6

N.D. Cal. Civil L.R. 7-9(b) ......................................................................5, 10, 11

N.D. Cal. Civil L.R. 7-9(c) ...........................................................................6, 9

**Rules**

Fed. R. Evid. 104(a) .............................................................................................12

## I.    INTRODUCTION

Plaintiff Scramoge Technology Limited ("Scramoge") respectfully files this opposition to Defendant Apple Inc.'s ("Apple") motion to vacate in part the order transferring this case to this Court (Dkt. No. 97, "Mot."). This motion is a belated attempt to back-fill evidentiary gaps resulting from insufficiently laid foundation for the statements of Apple's sole transfer witness Mark Rollins. This is improper under any circumstance, but particularly here where the transferor Court ("WDTX Court") has already ruled twice on the matter of Mr. Rollins's credibility: first when transferring the case, and again when denying Apple's emergency motion to seal in relevant part. Dkt No. 77; Dkt. No. 81. Apple's now supplies twelve declarations to bolster the original statements of Mr. Rollins. There is no basis to overturn the transfer order's credibility determination of Mr. Rollins ex post based on these late submissions—they simply parrot back facts already known at the time of the transfer briefing and thus are not "new."

As further explained below, Apple's motion is highly disfavored and may be brought in only exceedingly rare circumstances. Apple fails to meet the stringent procedural and substantive requirements to question a coordinate court's judgment—Apple did not even bother to seek leave of Court to file its motion as required by the local rules. To the extent Apple seeks review of the credibility findings regarding Mr. Rollins, it can properly present those issues to the Court of Appeals for the Federal Circuit at an appropriate time.

Apple's motion should be denied.

## II.    BACKGROUND

Apple filed its motion to transfer venue on November 12, 2021, which attached the Declaration of Mark Rollins in support thereof ("Rollins Motion Declaration"). Dkt. No. 37; Dkt. No. 37-01. After the close of venue discovery, Scramoge filed its opposition thereto on March 22, 2022. Dkt. No. 67. Apple requested an extension of time to file its reply, on the basis that Apple was "working

diligently to speak with the numerous individual Scramoge has named" in its transfer opposition. Hollander Decl. Ex. 1 (Mar. 28, 2022 S. Ravel email). Scramoge did not oppose Apple's request to the WDTX Court. Dkt. No. 69.

Apple filed a reply in support of its motion on April 13, 2022, which attached another Declaration of Mark Rollins in support thereof ("Rollins Reply Declaration"). Dkt. No. 72; Dkt. No. 72-01. These two Rollins Declarations are the only Apple employee statements that Apple submitted in support of its motion to transfer.

The Rollins Motion and Reply Declarations provide the same foundation: "the statements in this declaration are based upon my personal knowledge, my review of corporate records maintained by Apple in the ordinary course of business, and/or my discussions with Apple employees." Dkt. No. 37-01; Dkt. No. 72-01. Nowhere in the Rollins Motion or Reply Declarations does Mr. Rollins provide the date of any conversation with any specific Apple employee.

The WDTX Court issued its Sealed Memorandum Opinion and Order granting Apple's transfer motion on May 17, 2022. Dkt. No. 77. On May 24, 2022, Apple filed its emergency motion to seal the entirety of the Rollins portions of that transfer order. Dkt. No. 80. In its emergency motion, Apple indicated that it would "promptly move the Court to vacate or reconsider portions of the [transfer] Order based on evidence confirming the veracity of [Mr. Rollins's] statements." *Id.* at 2. Apple's emergency motion also contained the following assertions for the first time:

- Apple's corporate representative under Rule 30(b)(6) of the Federal Rules of Civil Procedure on these issues personally spoke with these witnesses . . . ." *Id.* at 1-2.

- "Apple's declarant [Mr. Rollins] spoke with Mr. Larsson, Mr. Garbus, and Ms. Grewal on October 19, 2021, with Mr. Silva on October 14, 2021, and with Mr. Hartnett on October 20, 2021." *Id.* at 2 n.3.

2

- "Apple's declarant [Mr. Rollins] spoke with Alex Pollard, John Tolman, Matthew Marks, Jeremy Meyers and Zao Yang on April 6, 2022 and with Andrew O'Connell on April 8, 2022." *Id.* at 3 n.4.

Apple did not attach any declarations or otherwise provide a record citation for these conversations with Mr. Rollins. All of these conversations are dated before Apple filed its transfer reply on April 13, 2022. Dkt. No. 72.

The WDTX Court denied Apple's emergency motion to seal on May 25, 2022. Dkt. No. 81. The case's transferred docket was received and opened in the Northern District of California the same day, vesting this Court with jurisdiction.

Apple filed the instant motion to vacate portions of the WDTX Court's transfer order on June 3, 2022. Dkt. No. 97. It was only with this motion to vacate that Apple submitted the Garbus, Grewal, Hartnett, Larsson, Marks, Meyers, O'Connell, Pollard, Silva, Tolman, and Yang Declarations, which assert that Mr. Rollins had conversations with these persons on the dates revealed for the first time in Apple's emergency motion as discussed above. Dkt. No. 97-03 ¶ 4; Dkt. No. 97-04 ¶ 4; Dkt. No. 97-05 ¶ 4; Dkt. No. 97-06 ¶ 4; Dkt. No. 97-07 ¶ 4; Dkt. No. 97-08 ¶ 4; Dkt. No. 97-09 ¶ 5; Dkt. No. 97-10 ¶ 4; Dkt. No. 97-11 ¶ 4; Dkt. No. 97-12 ¶ 4; Dkt. No. 97-14 ¶ 4. These declarations are dated between May 26, 2022 and June 2, 2022.

At the same time Apple also submitted the Wang Declaration, which does not indicate Ms. Wang ever spoke with Mr. Rollins or any other Apple employee. Dkt. No. 97-13. Moreover, the Wang Declaration states that Ms. Wang "reviewed the declaration of Mr. Rollins in support of Apple's Motion to Transfer—particularly Paragraph 11, which discusses my former role at Apple" and that "[a]ll facts that relate to my former role and related technologies and current location therein are true and correct." *Id.* ¶ 4. However, that paragraph of the Rollins Motion Declaration discusses Mr. Hartnett, and there is no mention of Ms. Wang in the Rollins Motion Declaration. Dkt. No. 37-01 ¶ 11.

1    Apple did not file a motion for leave with this Court to file a motion for

2  reconsideration of the WDTX Court's transfer order before filing the instant motion

3  and its twelve supporting declarations.

**III.   LEGAL AUTHORITIES**

"The leading Ninth Circuit case on the preclusive effect of an interlocutory holding by another court in the same case held that where either cogent reasons or exceptional circumstances exist a judge may set aside or reverse a prior ruling by a colleague in the same case." *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000) (citing *Castner v. First Nat'l Bank of Anchorage*, 278 F.2d 376, 379-80 (9th Cir. 1960)).   The Ninth Circuit also holds that "one judge should not overrule the prior decisions of another sitting in the same case because of the 'principles of comity and uniformity [which] . . . preserve the orderly functioning of the judicial process.'" *Fairbank*, 212 F.3d at 530 (quoting *Castner*, 278 F.2d at 379-80) (quotation marks and alteration in original).   "Cogent reasons include a determination that a prior order was clearly erroneous and would result in a 'useless trial.'" *E.E.O.C. v. Serrano's Mexican Rests., LLC*, 306 F. App'x 406, 407 (9th Cir. 2009) (quoting *Castner*, 278 F.2d at 380).

"Federal courts routinely apply law-of-the-case principles to transfer decisions of coordinate courts." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 816 (1988) (citations omitted).   "The policies supporting the doctrine apply with even greater force to transfer decisions than to decision of substantive law; transferee courts that feel entirely free to revisit transfer decisions of a coordinate court threaten to send litigants into a vicious circle of litigation." *Id.*   "[O]nce the action has been transferred, 'the decision of a transferor court should not be reviewed again by the transferee court.'" *Ametek Inc. v. Hewlett-Packard Co.*, No. C-90-20278-DLJ, 1990 WL 10072473, at *1 (N.D. Cal. July 10, 1990) (citing *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir.1983)).

RUSS, AUGUST & KABAT

4

With regard to motions to vacate transfer orders, "district courts within the Ninth Circuit have noted that '[s]uch motions are generally disfavored' and have suggested that considerations similar to those applied on a motion to reconsider should apply." *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, No. 20-CV-709 JLS (JLB), 2021 WL 230029, at *9 (S.D. Cal. Jan. 22, 2021) (citation omitted); *see Yamauchi Corp. v. Albany Int'l Corp.*, No. CV 13-1601-DOC AJWX, 2013 WL 4503362, at *1 (C.D. Cal. Aug. 21, 2013) (construing an "Emergency Motion to Vacate Order on Motion to Transfer Case" as a motion to reconsider).

"No party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." N.D. Cal. Civil L.R. 7-9(a). "The moving party must specifically show reasonable diligence in bringing the motion and one of the following:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before the entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

N.D. Cal. Civil L.R. 7-9(b). Moreover, "[n]o motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks

RUSS, AUGUST & KABAT

1  to have reconsidered," and "[a]ny party who violates this restriction shall be subject

2  to appropriate sanctions."  N.D. Cal. Civil L.R. 7-9(c)

3  **IV.   ARGUMENT**

4      Apple's motion to vacate is wholly improper.  Apple has satisfied neither the

5  procedural nor substantive requirements to meet the high bar for this Court to revisit

6  the transfer order of the coordinate WDTX Court.  Moreover, because of Apple's

7  delay and lack of diligence in seeking appropriate relief, the transfer order's

8  credibility determinations of Mr. Rollins have already been published, and vacatur

9  would not address Apple's purported concerns.

10     **A.   Apple's Motion Is Procedurally Defective**

11     Because motions to vacate or to reconsider are disfavored, particularly when

12  they call into the question the judgment of a coordinate court, a movant must comply

13  with stringent requirements to bring such a motion.  Apple has not done so, and on

14  this basis alone the Court should deny the motion.

15     **1.   Apple Did Not Request Leave of Court**

16     Apple's motion to vacate the transfer order should be construed as a motion

17  for reconsideration.  *See Columbia Sportswear*, 2021 WL 230029, at *9; *Yamauchi*,

18  2013 WL 4503362, at *1.  Where a party has already failed once to seal a document,

19  a subsequent request is deemed a motion for reconsideration regardless of how a

20  party styles the motion, and it must comply with the Local Rules' reconsideration

21  requirements.  *See In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106,

22  1108 (N.D. Cal. 2021) ("Google is also less than forthright in characterizing the

23  present motion as a 'renewed' application.  There is no basis for that in the federal

24  procedural rules.  In effect, Google seeks reconsideration of the prior order without

25  owning up to the standards that govern reconsideration, starting with the requirement

26  that a party must request leave to file such a motion.  *See* Civil L.R. 7-9(a)").

27     "No party may notice a motion for reconsideration without first obtaining

28  leave of Court to file the motion."  N.D. Cal. Civil L.R. 7-9(a).  Apple filed this

motion without first obtaining leave of Court, and it thus must be denied.  *See Jamison v. Ayers*, No. C 08-5601 PJH PR, 2010 WL 3293704, at *1 (N.D. Cal. Aug. 18, 2010) ("Petitioner has not asked for or obtained permission; the motion to reconsider will be denied for this reason.").

### 2.    Apple Did Not Show Reasonable Diligence

This is Apple's second attempt at arguing against the May 17, 2022 transfer order's discussion of Mr. Rollins's credibility.  The first attempt was Apple's May 24, 2022 emergency motion to seal, where Apple disputed the WDTX Court's credibility findings:

> When granting Apple's transfer motion, however, the Court *sua sponte* found that Apple's declarant [Mr. Rollins] lacked credibility.  It described him as a "professionally paid venue witness" whose "investigation" was "unreliable" and "deficient."  Respectfully, Apple's declarant [Mr. Rollins] did not warrant these attacks on his character; his is simply a person who was doing his job.

Dkt. No. 80 at 1.  Apple then stated that it intended to "promptly move the Court to vacate or reconsider portions of the [transfer] Order based."  Dkt. No. 80 at 2.  Apple instead waited <u>seventeen days</u> from the May 17, 2022 transfer order to file the instant motion, which makes no attempt to explain the delay.  Apple thus fails to show reasonable diligence as required by Local Rule 7-9(b), and the motion should be denied.  *See DeVries v. Experian Info. Sols., Inc.*, No. 16-CV-02953-WHO, 2017 WL 3394750, at *1 (N.D. Cal. Aug. 8, 2017) (denying motion seeking leave to file a motion for reconsideration where movant "made no attempt to demonstrate reasonable diligence").

### 3.    Apple Repeats Arguments Made to the WDTX Court

Apple failed to secure the relief sought in its emergency motion—to seal the entirety of the transfer order's discussion of Mr. Rollins, as "The Court's Unjustified Statements About Apple's Declarant Will Subject Him to Irreparable Harm."  Dkt. No. 80 at 5.  Apple did not move the WDTX Court to reconsider its order denying

7

Apple's emergency motion.  Although now titled a motion to vacate, the instant motion seeks essentially the same relief: "this Court should vacate the credibility finding regarding Mr. Rollins because it is clearly erroneous and contravened by the evidence Apple has submitted herein.  Without that correction, Apple and Mr. Rollins will suffer 'manifest injustice.'"  Mot. at 1.

Apple also repeats here arguments it made to the WDTX Court complaining about the transfer order, including regarding:

- Rule 30(b)(6):

    o Emergency motion: "The Court's [transfer] Order suggests, in no uncertain terms, that Apple's use of a corporate declarant to support its transfer motion was somehow improper.  But the Federal Rules expressly allow a designated corporate officer or representative to provide testimony even in the absence of personal knowledge."  Dkt. No. 80 at 4.

    o Motion to vacate: "*Second*, the WDTX Court's credibility findings contradict Rule 30(b)(6) and related case law about testimony from corporate witnesses."  Mot. at 10.

- Reliance on attorneys:

    o Emergency motion: "The [transfer] Order's *sua sponte* observation that Apple's declarant 'must rely on his attorneys to selectively spoon feed him information to accomplish what he does' is incorrect."  Dkt. No. 80 at 5.

    o Motion to vacate: "Asserting that Mr. Rollins frequently 'supplies declarations on a wide scope of unrelated, technologically complex topics,' the WDTX Court assumed that he 'must rely on his attorneys to selectively spoon feed him information,' and therefore found that he has 'no credibility.'"  Mot. at 6.

- Professional witness:

    o Emergency motion: "First, there is simply no basis for the [transfer] Order's statement that Apple's declarant [Mr. Rollins] is a 'professionally

8

paid venue witness' who reviews only 'attorney-selected documents and talks only to attorney-selected witnesses.'" Dkt. No. 80 at 5.

- o Motion to vacate: "The WDTX Court levelled baseless criticisms that Mr. Rollins's statements were 'misleading' and 'unreliable,' without any supporting evidence. Mr. Rollins is not, as the WDTX Court charged, a 'professionally paid venue witness,'; rather, he is simply a corporate representative who provided truthful information on his employer's behalf. But the WDTX Court chose to single him out with unfounded criticisms that cast Mr. Rollins as untrustworthy." Mot. at 10 (citations omitted).

- Scramoge complaints:
  - o Emergency motion: "Scramoge did not allege that his statements were 'incomplete' and 'generally unreliable,' as the [transfer] Order states." Dkt. No. 80 at 6.
  - o Motion to vacate: "Moreover, in opposition, Scramoge challenged only two of Mr. Rollins's statements about the location of Apple's evidence in California as 'vague[]'; it did not otherwise contest Mr. Rollins's assertions, let alone suggest that he was unreliable, lacked credibility, or testified improperly about technical matters." Mot. at 9.

- Reputation:
  - o Emergency motion: "An inaccurate public description of his credibility would follow him both professionally and personally and potentially limit his career potential, whether at Apple or elsewhere." Dkt. No. 80 at 6-7.
  - o Motion to vacate: "This inaccurate public description of his credibility may follow him and limit his career potential, at Apple or elsewhere." Mot. at 14.

It is improper to "repeat any oral or written argument made by the applying party in support of or in opposition to the interlocutory order which the party now seeks to have reconsidered." N.D. Cal. Civil L.R. 7-9(c) ("Any part who violates

this restriction shall be subject to appropriate sanctions."). All of the foregoing arguments were already made to the WDTX Court and were rejected. The Court should disregard them as violations of the Local Rules. *See Victor v. R.C. Bigelow, Inc.*, No. 13-CV-02976-WHO, 2015 WL 5569716, at *1 (N.D. Cal. Sept. 21, 2015) ("Victor's motion repeats previously made arguments and has failed to meet the required standard for motions for leave for reconsideration under Civil Local Rule 7-9(b).").

### B.    Apple Fails to Satisfy Any Grounds to Reconsider the WDTX Court's Order

Notwithstanding the motion's procedural defects, Apple fails to show that any of the three enumerated grounds for reconsideration apply to the transfer order. There are no new facts or law post-dating the transfer briefing or the transfer order that would change the result, Apple failed to present its case in a timely manner, and it was within the discretion of the WDTX Court to weigh the credibility of Mr. Rollins when deciding the transfer order.

#### 1.    Apple Identifies No New Facts or Law

All of the conversations that Apple that now contends underpin the two Rollins Declarations happened before Apple filed its transfer reply are reported by Apple as having occurred between October 14, 2021 and April 8, 2022, before the completion of Apple's transfer briefing on April 13, 2022. Dkt. No. 80 at 2 n.3, 3 n.4; Dkt. No. 72. Apple points to no new facts or law post-dating its transfer briefing or the transfer order, so there is nothing to consider under Local Rule 7-9(b)(1) or 7-9(b)(2). *See Equilon Enters. LLC. v. Shahbazi*, No. C 05-05102, 2007 WL 2900563, at *2 (N.D. Cal. Oct. 1, 2007) ("Shahbazi has not offered any new facts or legal arguments that would warrant reconsideration.").

#### 2.    Apple Was Dilatory in Substantiating Its Claims

The declarations attached to Apple's instant motion are signed and dated between May 26, 2022 and June 2, 2022. Dkt. No. 97-03; Dkt. No. 97-04; Dkt. No.

97-05; Dkt. No. 97-06; Dkt. No. 97-07; Dkt. No. 97-08; Dkt. No. 97-09; Dkt. No. 97-10; Dkt. No. 97-11; Dkt. No. 97-12; Dkt. No. 97-13; Dkt. No. 97-14.   Apple provides no explanation excusing its delay in securing the declarations to substantiate conversations that are reported by Apple as having occurred between October 14, 2021 and April 8, 2022.  Dkt. No. 80 at 2 n.3, 3 n.4.  Apple thus fails to show reasonable diligence as required by Local Rule 7-9(b).  *See Dennis v. Chappell*, No. 5:98-CV-21027-JF, 2014 WL 710102, at *3 (N.D. Cal. Feb. 24, 2014) (denying motion for reconsideration where "Petitioner has not shown reasonable diligence").

### 3.   Apple Cannot Show Manifest Failure by the WDTX Court to Consider Material Facts or Dispositive Legal Arguments

Apple points to no evidence that the WDTX Court failed to consider, which is the last remaining ground for reconsideration.  N.D. Cal. Civil L.R. 7-9(b)(3).  Rather, Apple's primary complaint is that the WDTX Court did not weigh Mr. Rollins's Declarations to Apple's liking.  That is not the law of evidence, nor is it a basis to reconsider the transfer order.

The WDTX Court was presented with competing sets of evidence regarding the transfer convenience factors.  In order to rule on Apple's transfer motion, the WDTX Court was required to resolve any factual disputes among the parties, and doing so in favor of Scramoge was proper.  *See Hammers v. Mayea-Chang*, No. 2:19-CV-00181-JRG, 2019 WL 6728446, at *4 (E.D. Tex. Dec. 11, 2019) ("When deciding a motion to transfer under § 1404(a), the court may consider undisputed facts outside of the pleadings, such as affidavits or declarations, but must draw all reasonable inferences and resolve factual conflicts in favor of the non-moving party."); *see also Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1138 (9th Cir. 2004) ("After reviewing the available authorities from outside of our circuit, we are persuaded that, in the context of a Rule 12(b)(3) motion based upon a forum selection

1    clause, the trial court must draw all reasonable inferences in favor of the non-moving
2    party and resolve all factual conflicts in favor of the non-moving party").

3        Apple's contention that "the WDTX Court had no evidentiary basis to judge
4    Mr. Rollins's credibility" conflicts with any court's responsibility to resolve factual
5    disputes presented in motions practice.  Mot. at 9.  Indeed, it is within a court's
6    province to judge the qualifications of a witness.  Fed. R. Evid. 104(a).  Apple
7    additionally takes issue with the fact that the WDTX Court credited LinkedIn
8    profiles over Mr. Rollins's sworn declaration.  Mot. at 11-12.  But Mr. Rollins
9    himself was simply repeating unsworn, out-of-court statements in his Declarations
10   about the other twelve persons' locations and responsibilities.  So the WDTX Court
11   was required to make a determination of which evidence was more reliable.  Whether
12   such would be admissible hearsay is irrelevant, as a "court is not bound by evidence
13   rules."  Fed. R. Evid. 104(a) (advisory notes: "the judge should be empowered to
14   hear any relevant evidence, such as affidavits or other reliable hearsay").  Moreover,
15   as discussed above, Ms. Wang's declaration post-dating the transfer order is
16   incorrect on its face, and Apple still cannot show that anyone ever spoke with her.
17   It was thus reasonable to credit her LinkedIn profile, which she presumably authored
18   and authorized to be published online.  And Apple's disparagement of LinkedIn
19   profiles is disingenuous, as Apple has previously submitted multiple LinkedIn
20   profiles in support of its own transfer briefing.  *See, e.g.*, *Future Link Sys., LLC v.*
21   *Apple Inc.*, No. 6:21-cv-00263-ADA-DTG, Dkt. Nos. 44-03, 44-04, 44-05, 44-06,
22   44-07 (W.D. Tex. Nov. 24, 2021); *MemoryWeb, LLC v. Apple, Inc.*, No. 6:21-cv-
23   00531-ADA, Dkt. Nos. 26-05, 26-10 (W.D. Tex. Oct. 13, 2021); *Neonode*
24   *Smartphone LLC v. Apple Inc.*, No. 6:20-cv-00505-ADA, Dkt. Nos. 27-08, 27-14
25   (W.D. Tex. Nov. 5, 2020); *STC.UNM v. Apple Inc.*, No. 6:19-cv-00428-ADA, Dkt.
26   No. 22-15 (W.D. Tex. Nov. 1, 2019).

27       Apple points to Rule 30(b)(6) in support of its decision to funnel all of its
28   witness statements through Mr. Rollins.  There are no depositions at issue in the

RUSS, AUGUST & KABAT

transfer order, so Rule 30(b)(6) is inapplicable.   As Apple has attached twelve declarations to the instant motion, it has demonstrated that it could have submitted them in connection with its transfer briefing but chose not to.   While there are situations where it would be appropriate to use a corporate declarant to substantiate matters outside his personal knowledge, in this case the WDTX Court took judicial notice of the high volume of declarations Mr. Rollins had submitted within a short period of time on a wide range of technical topics.   Dkt. No. 77 at 4-6 (documenting twelve Rollins declarations filed in WDTX between Nov. 5, 2020 and Dec. 10, 2021).   Given the sparse nature of evidentiary support in Apple's transfer briefing, it was within the WDTX Court's discretion to conclude that Mr. Rollins had been stretched too thin to be able to sufficiently conduct all of these venue disputes' investigations on his own.   *See* Dkt. No. 77 at 9 ("The Court finds that the 'best' of Mr. Rollins's knowledge is based on a deficient investigation.").

Moreover, it would be inappropriate and odd for a corporate defendant to designate a finance manager under Rule 30(b)(6) to testify on technical aspects of infringement accusations.   That is in essence what Apple has done here with Mr. Rollins, which the WDTX Court noted as a basis for discounting the credibility of Mr. Rollins:

> As a result of his preparation, Mr. Rollins routinely offers information about topics a financial manager would typically not know.   A financial manager at Apple might naturally know about Apple's profits, royalties, the locations of financial statements, and the locations of other Apple employees with financial information related to damages. The Rollins Declarations purports to state the locations of technical and marketing data stored typically known only to respective custodians of those documents, such as engineers and marketing personnel.   Mr. Rollins identifies the names and locations of engineers typically known to human resources personnel or engineering managers.   The Rollins Declaration offers expert opinions that certain engineers' work is unrelated to the accused technology in asserted patents.

13

Dkt. No. 77 at 7.  Apple's argument that Rule 30(b)(6) insulates Mr. Rollins from criticism is a red herring.  Just like with any other witness, when a court has fact-finding responsibilities such as when deciding a motion to transfer, the court must consider the basis for the witness's testimony.  And Apple failure to substantiate Mr. Rollins's investigation was a valid reason for discounting his credibility.  *Id.* at 8 ("the Rollins Declarations contains no description of the methodology he used to find all Apple engineers who work in WDTX and to then determine their relevance.").  It was Apple's responsibility to provide all relevant information with its transfer briefing, not afterwards when deficiencies were identified.  *See In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1108 ("The Court does not review a party's motion papers and offer coaching pointers for a second round of briefs.  The burden is on the party to make its case in the first instance, as it sees fit.").

Finally, Apple fixates on whether the current or former Apple employees worked on just the accused features, arguing that its declarations confirm that the additional persons identified in Scramoge's transfer opposition are irrelevant because they did not work on the accused features.  Mot. at 11-12.  Components other than the accused features are often relevant to damages issues such as noninfringing alternatives or apportionment, for example.  *See Georgia-Pac. Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970) ("9. The utility and advantages of the patent property over the old modes or devices, if any, that had been used for working out similar results"; "The portion of the realizable profit that should be credited to the invention as distinguished from non-patented elements, the manufacturing process, business risks, or significant features or improvements added by the infringer").  Consideration of such non-accused components does not constitute manifest error.

### C.     Apple's Motion Should Be Denied As Futile

Apple posits that the transfer order is "manifestly unjust" because Mr. Rollins's credibility may be at issue at trial and because Mr. Rollins's professional reputation has suffered.  Mot. at 13-14.  As discussed above, the WDTX Court's findings are not manifestly erroneous, and so the consequences of those findings are just.  Regardless, granting Apple's motion would not address these concerns.  In advance of trial, Apple may move *in limine* to argue about the boundaries of Mr. Rollins's questioning, and Apple typically agrees that pretrial orders are not proper for discussion in the presence of the jury.  *See Optis Wireless Tech., LLC v. Apple Inc.*, No. 2:19-cv-00066-JRG, Dkt. No. 222 at 1 n.1 (E.D. Tex. June 19, 2020) ("The parties will not refer to arguments or rulings made during any pretrial proceeding").  And despite Apple's failure to seal the transfer order, Apple did not petition for a writ of mandamus to keep the transfer order under seal.  The transfer order's discussion of Mr. Rollins remains public and has already been cited in other litigation.  *See Arigna Tech. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 6:21-cv-00943-ADA Dkt. No. 85, at 8 (W.D. Tex. June 2, 2022) ("two days before Apple failed to appear for its venue deposition in this case, this [WDTX] Court took Mr. Rollins to task for his 'repeatedly inaccurate statements, his repeated failures to fully investigate, and his repeated declarations on topics that he knows nothing about'" (quoting order denying Apple's emergency motion to seal)).  Thus, the relief Apple seeks against the allegedly "manifestly unjust" transfer order does not qualify as a "cogent" reason to disturb the WDTX Court's judgment.  *See Serrano's*, 306 F. App'x at 407.

### V.     CONCLUSION

At bottom, Apple simply disagrees with the findings of the WDTX Court in the transfer order.  Absence "cogent" reasons, such as avoidance of a "useless trial," principles of comity and law-of-the-case strongly counsel against disturbing the rulings of a coordinate court.  No such reasons exist here, particularly given that

Apple has failed to meet the high bar for reconsideration in this Court and cannot point to any new evidence or law arising after the transfer briefing or order.  Nor can Apple point to any manifest failure of the WDTX Court to consider the material facts and law presented by the parties' transfer briefing.  In addition to all of the reasons why the Court should deny Apple's motion, the relief sought by Apple would be futile, rendering the motion effectively moot.

DATED:  June 17, 2022

Respectfully submitted,
*/s/Reza Mirzaie*

Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Brett E. Cooper (*pro hac vice*)
bcooper@raklaw.com
Marc A. Fenster (CA SBN 181067)
mfenster@raklaw.com
Seth Hasenour (*pro hac vice*)
shasenour@raklaw.com
Drew B. Hollander (*pro hac vice*)
dhollander@raklaw.com
Christian W. Conkle (CA SBN 306374)
cconkle@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Blvd. 12th Floor
Los Angeles, CA 90025
Phone: (310) 826-7474
Facsimile: (310) 826-6991

***Attorneys for Plaintiff Scramoge Technology Limited***

**CERTIFICATE OF SERVICE**

    I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served on June 17, 2022 with a copy of this document via the Court's ECF system.


*Reza Mirzaie*
Reza Mirzaie