**KILPATRICK TOWNSEND & STOCKTON LLP**
STEVEN D. MOORE (State Bar No. 290875)
smoore@kilpatricktownsend.com
RISHI GUPTA (State Bar No. 313079)
rgupta@kilpatricktownsend.com
SARAH F. GLENDON (State Bar No. 329670)
sglendon@kilpatricktownsend.com
Two Embarcadero Center, Suite 1900
San Francisco, CA 94111
Telephone: (415) 576-0200
Facsimile: (415) 576-0300

MANSI H. SHAH (State Bar No. 244669)
mhshah@kilpatricktownsend.com
1302 El Camino Real, Suite 175
Menlo Park, CA 94025
Telephone: (650) 752-2445
Facsimile: (650) 618-8641

ALTON L. ABSHER III (*admitted pro hac vice*)
aabsher@kilpatricktownsend.com
ANDREW W. RINEHART (*admitted pro hac vice*)
arinehart@kilpatricktownsend.com
1001 West Fourth Street
Winston-Salem, NC 27101
Telephone: (336) 607-7300
Facsimile: (336) 607-7500

AMANDA N. BROUILLETTE (*admitted pro hac vice*)
abrouillette@kilpatricktownsend.com
1100 Peachtree Street NE, Suite 2800
Atlanta, GA 30309-4528
Telephone: (404) 685-6775
Facsimile: (404) 541-3335

KASEY E. KOBALLA (*admitted pro hac vice*)
kkoballa@kilpatricktownsend.com
4208 Six Forks Road, Suite 1400
Raleigh, NC 27609
Telephone: (919) 420-1712
Facsimile: (202) 315-3024

CHRISTOPHER P. SCHAFFER (State Bar No. 297558) *(Petition for Bar Membership pending)*
cschaffer@kilpatricktownsend.com
12255 El Camino Real, Suite 250
San Diego, CA 92130
Telephone: (858) 350-6161
Facsimile: (858) 408-3428

Attorneys for Defendant
APPLE INC.

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

SCRAMOGE TECHNOLOGY LIMITED,

Plaintiff,

v.

APPLE INC.,

Defendant.

Case No. 3:22-cv-03041-JSC

**APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER**

Date: July 28, 2022
Time: 9:00 a.m.
Ctrm.: Courtroom 8, 19th Floor
Judge: Hon. Jacqueline Scott Corley

Complaint Filed: June 18, 2021
Trial Date: Not Set

## TABLE OF CONTENTS

**I. INTRODUCTION ..... 1**

**II. ARGUMENT ..... 3**

A. Apple Properly Moved This Court to Vacate the Clearly Erroneous Findings Made by the WDTX Court. ..... 3

1. Scramoge's Legal Authorities Section is Inapposite or Distinguishable. ..... 3

2. Apple's Motion to Vacate is Proper. ..... 4

B. Even Under the Motion for Reconsideration Framework, Apple's Motion Should Still Prevail. ..... 5

1. Requirements for Motions to Reconsider and Motions to Vacate Are Substantially Similar and Apple has Met the Standard for Reconsideration. ..... 5

(a) Apple Has Presented New Evidence and Facts ..... 6

(b) The WDTX Court's Credibility Determination was in Clear Error. ..... 8

(c) The Credibility Determination Will Lead to Manifest Injustice. ..... 9

2. Scramoge's Argument that Apple Motion is a Procedurally Defective Motion for Reconsideration Diverts from the Merits. ..... 12

**III. CONCLUSION ..... 15**

# TABLE OF AUTHORITIES

**Cases**

*Ametek Inc. v. Hewlett-Packard Co.*,
No. C-90-20278-DLJ, 1990 WL 10072473 (N.D. Cal. July 10, 1990) ........ 4

*Arigna Tech. Ltd. v. Samsung Elecs. Co., Ltd.*,
No. 6:21-cv-00943-ADA Dkt. No. 85 (W.D. Tex. June 2, 2022) ........ 12

*Christianson v. Colt Indus. Operating Corp.*,
486 U.S. 800 (1988) ........ 4

*Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*,
No. 20-CV-709 JLS (JLB), 2021 WL 230029 (S.D. Cal. Jan. 22, 2021) ........ 4, 13

*Cooper v. United Air Lines, Inc.*,
82 F. Supp. 3d 1084 (N.D. Cal. 2015) ........ 10

*DeVries v. Experian Info. Sols., Inc.*,
No. 16-CV-02953-WHO, 2017 WL 3394750 (N.D. Cal. Aug. 8, 2017) ........ 14

*Duarte Nursery, Inc. v. United States Army Corps of Engineers*,
No. 2:13-CV-02095-KJM-AC, 2016 WL 4717986 (E.D. Cal. June 10, 2016) ........ 10

*E.E.O.C. v. Serrano's Mexican Restaurants, LLC*,
306 F. App'x 406 (9th Cir. 2009) ........ 10

*Fairbank v. Wunderman Cato Johnson*,
212 F.3d 528 (9th Cir. 2000) ........ 4, 6

*Himmelberger v. Lamarque*,
No. C-03-3011RMW(PR), 2009 WL 1012674 (N.D. Cal. Apr. 15, 2009) ........ 5

*In re Apple, Inc.*,
No. 22-137, Doc. 17 (June 24, 2022) ........ 12

*In re Google Play Store Antitrust Litig.*,
556 F. Supp. 3d 1106 (N.D. Cal. 2021) ........ 2, 13, 14

*In re JDS Uniphase Corp. Sec. Litig.*,
No. C–02–1486 CW (EDL), 2007 WL 219857 (N.D. Cal. Jan. 29, 2007) ........ 11

*In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*,
282 F.R.D. 486 (C.D. Cal. 2012) ........ 5

*In re Palomar Crash of Jan. 24, 2006*,
No. 06-CV-02711-DMS-POR, 2009 WL 10671588 (S.D. Cal. Jan. 21, 2009) ........ 13

*La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*,
285 F.R.D. 481 (N.D. Cal. 2012) ........ 10

*Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481 (N.D. Cal. 2012) .......... 11

*Newton v. Nat'l Broad. Co.*, 930 F.2d 662 (9th Cir. 1990) .......... 8, 9

*S.E.C. v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195 (N.D. Cal. June 9, 2011) .......... 10

*Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255 (9th Cir. 1993) .......... 6

*Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101 (9th Cir. 1958) .......... 5

*Scramoge v. Apple Inc.*, Case No. 6:21-cv-00579, Dkt. 81 (W.D. Tex. May 25, 2022) .......... 9, 12

*United States v. Alexander*, 106 F.3d at 876 .......... 6

*Walker v. Davis*, 822 F. App'x 549 (9th Cir. 2020) .......... 8

*Wright v. Baires*, No. CIV 08-1213 JTM(LSP), 2009 WL 559704 (E.D. Cal. Mar. 4, 2009) .......... 5

*Yamauchi Corp. v. Albany Int'l Corp.*, No. CV 13-1601-DOC AJWX, 2013 WL 4503362 (C.D. Cal. Aug. 21, 2013) .......... 4

**Rules**

N.D. Cal. Civ. L.R. 7-9(c) .......... 14, 15

## I. INTRODUCTION

Apple Inc. ("Apple") brought this Motion to Vacate In Part the Transfer Order ("Motion") in this Court after the WDTX Court issued an order which made factual findings that were never asserted by Plaintiff, and thus Apple had no opportunity to refute. These findings, regarding the credibility of an Apple corporate representative, were not based on the evidence or argument in the case. Moreover, they were contrary to the WDTX Court's prior holdings regarding the credibility of the same corporate witness—without *any* evidence in this case to justify the deviation. Indeed, the ruling was in direct contravention of the evidence in the case and instead based in inferences, which had they been raised by the Plaintiff, would have been corrected by Apple on the record.

It was necessary for Apple to file the motion to vacate in this Court because despite Apple's notice to the WDTX that it intended to move to vacate portions of the transfer order, the Court did not wait for Apple to make that filing, and instead immediately transferred the case. Apple's Motion and the supporting evidence confirms that every fact set forth in Mr. Rollins's declaration was true and correct, and that the transfer opinion included faulty assumptions. It would be manifestly unjust for this Court to be hamstrung by an improper credibility determination made by the transferor Court.

Rather than address the merits of Apple's motion head-on, Scramoge Technology Limited ("Scramoge") filed an Opposition of misdirection that focuses on ill-founded complaints of procedure and timing. As such, Scramoge spends little effort rebutting the premise of Apple's Motion—that the WDTX Court's Transfer Order findings as to Mr. Rollins's credibility are improper and should be vacated because that Court identified no incorrect statements in his declaration on which such a determination can rest. Instead, Scramoge sets up a straw man. It argues first that Apple's motion should be considered a motion for reconsideration instead of a motion to vacate, and that when considered as such, Apple's Motion should be denied. Scramoge's premise is incorrect. Apple's motion is not a motion to reconsider, it is a motion to vacate, and it is procedurally proper—especially here, where this Court has not yet considered the issue of Mr. Rollins's credibility and where Apple does not seek reconsideration of the WDTX

Court's actual holding granting transfer. That said, even if Apple's motion were considered a motion to reconsider, Apple has satisfied the standard for reconsideration and this Court has the discretion to grant Apple's motion under either procedural avenue. *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1108 (N.D. Cal. 2021) (granting-in-part a motion to reconsider despite the movant not complying with Civil L.R. 7-9).

Scramoge also contends that Apple makes the same arguments in its Motion that it did to the WDTX Court, thus Apple's Motion should be denied under L.R. 7-9(c). This argument also fails. Apple does not repeat any argument in its Motion that it made "in support of or in opposition to the *interlocutory* order," i.e., the transfer order, as L.R. 7-9(c) prohibits. But, Apple's Motion relates to the findings made by the WDTX Court that were not put at issue by either party in the underlying briefing. As such, Scramoge does not and cannot argue Apple repeats arguments it made in its transfer briefing, and instead points to Apple's motion to seal portions of the transfer order.

Scramoge also simultaneously attacks Apple's decision to file this Motion now rather than await appeal "at an appropriate time" while also chiding Apple for waiting 17 days after the Transfer Order to file it. In essence, Scramoge complains that Apple's Motion is both too early and too late. Yet Scramoge cites no authority supporting either contention, particularly for its suggestion that Apple must wait to present its request to the Federal Circuit in an eventual appeal. Nor does the 17 days Scramoge points to—during which time Apple also sought to keep the Transfer Order sealed during the pendency of this dispute, and awaited docketing of this matter before this Court—justify denying Apple relief on the merits. Indeed, Apple brought this Motion in this Court to address the WDTX Court's incorrect and unsupported findings as to credibility. And requiring Apple to wait would impose unnecessary and harmful consequences. Mr. Rollins is a witness in this action, he may serve as Apple's Rule 30(b)(6) witness on damages issues, and Apple's damages experts may use his testimony in formulating their opinions. This Court will preside over the trial, and this Court has not yet had an opportunity to assess Mr. Rollins's credibility. What's more, it would be manifestly unjust to require Mr. Rollins to endure an

- 2 -
APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

unjustified public attack on his credibility while this case proceeds through trial.

Lastly, and again without identifying any error in Mr. Rollins's declaration on which an adverse credibility finding could be based, Scramoge claims that Apple improperly attempts to "back fill" evidence from an "insufficiently laid foundation" of facts set forth in Mr. Rollins's declaration through supplemental declarations of other witnesses. But Scramoge opted not to depose Mr. Rollins to test the basis of his knowledge. Apple's supplemental declarations are offered not because of any foundational problems with Mr. Rollins's declaration, but to further show that the WDTX lacked any basis to conclude that Mr. Rollins lacked credibility, and that his declaration is fully consistent with the sworn testimony of those with whom he spoke to serve in his role as Apple's venue-related corporate representative.

For these reasons and those set forth below, the Motion should be granted, and the WDTX Court's credibility determination as to Mr. Rollins should be vacated.

## II. ARGUMENT

### A. Apple Properly Moved This Court to Vacate the Clearly Erroneous Findings Made by the WDTX Court.

There is no requirement that a party file a motion for leave to file a motion to vacate. Scramoge's primary argument is a straw man: Apple's motion to vacate should be considered a motion for reconsideration, Apple failed to file a request for leave to file a motion for reconsideration, and therefore Apple's motion is procedurally improper. Because Scramoge chooses to treat Apple's motion as one for reconsideration, it leaves unrebutted many of the substantive arguments Apple set forth in its Motion to Vacate. Scramoge's argument fails for multiple reasons: (1) Scramoge does not (and cannot) show Apple's Motion could *only* be brought as one for reconsideration and that it should be construed as such; and (2) the motion for reconsideration framework mirrors the factors set forth in Apple's motion to vacate.

#### 1. Scramoge's Legal Authorities Section is Inapposite or Distinguishable.

Scramoge cannot demonstrate that (1) Apple's Motion should be construed as a motion for reconsideration because that is the *only* vehicle to obtain the relief Apple seeks or (2) that a motion

- 3 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

to vacate is procedurally improper. Indeed, many cases Scramoge cites support Apple's procedural choice. In *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 530 (9th Cir. 2000), the Ninth Circuit found no abuse of discretion for a federal court's review of an interlocutory order from a state court and held "one judge may 'overrule the order of another under proper circumstances,' and where the successor judge is asked to overrule the earlier order, 'the question becomes one of the proper exercise of judicial discretion.'" *Id*. This is exactly what Apple asks this Court to do here.

Scramoge next cites *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 816 (1988), for the proposition that transfer decisions should not be reviewed by the transferee court, but Apple is not asking this Court to vacate the order transferring this case. Apple's *partial* motion to vacate relates *only* to the credibility determination that the WDTX Court incorrectly made. *Ametek Inc. v. Hewlett-Packard Co*. is inapposite for similar reasons—the Court there denied Plaintiff's motion to retransfer the case from NDCA to WDTX. No. C-90-20278-DLJ, 1990 WL 10072473, at *1 (N.D. Cal. July 10, 1990). This is not the redress Apple seeks.

Further, Scramoge misapplies the holding in *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc*., No. 20-CV-709 JLS (JLB), 2021 WL 230029, at *9 (S.D. Cal. Jan. 22, 2021). Scramoge states "with regard to motions to vacate transfer orders . . . 'such motions are generally disfavored.'" But *Columbia* did not relate to a motion to vacate a transfer order. Rather, it addressed a motion brought under Rule 54(b). *See id*. at *9. *Yamauchi Corp. v. Albany Int'l Corp*. is equally inapposite, where the plaintiff sought to vacate a transfer order where it failed to oppose the transfer motion. No. CV 13-1601-DOC AJWX, 2013 WL 4503362, at *1 (C.D. Cal. Aug. 21, 2013).

**2. Apple's Motion to Vacate is Proper.**

Scramoge's argument rests on the faulty assumption that Apple's motion seeks reconsideration and it should be construed as such. However, because this Court has never considered the issue of Mr. Rollins's credibility and because Apple does not seek reconsideration of the ultimate holding of the WDTX Court—a transfer to this Court—a motion to reconsider is

- 4 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

not appropriate. The issue of the inherent credibility of Mark Rollins (*i.e.*, not limited to the facts of this case) was not put at issue by either party in the underlying briefing; rather, the finding was made by the WDTX Court *sua sponte*. Apple's Motion to vacate the credibility finding only seeks to vacate this portion of the order, not the overall holding granting transfer to this Court, and the evidence and argument Apple puts forth in its Motion is the only reasonable vehicle to address this unique issue.

Further, Scramoge provides no authority for the proposition that this issue can *only* be decided on a motion to reconsider. Indeed, a transferee court may vacate orders of the transferor court. *See, e.g.*, *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282 F.R.D. 486, 491 (C.D. Cal. 2012) (transferee court vacating order of transferor court appointing interim lead class counsel due to substantial change in circumstances). And as Apple articulated in its Motion, this Court has the power to set aside interlocutory orders at any time prior to entry of final judgment as justice so requires. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 104 (9th Cir. 1958). In fact, Apple's Motion explicitly requests that this Court depart from the law-of-the-case doctrine through the 9th Circuit test for vacating credibility findings. Motion at 8. Thus, Apple's Motion to vacate was procedurally proper and Scramoge's entire opposition—applying the procedural and substantive reconsideration framework—leaves Apple's arguments in its Motion to Vacate unrebutted.

### B. Even Under the Motion for Reconsideration Framework, Apple's Motion Should Still Prevail.

#### 1. Requirements for Motions to Reconsider and Motions to Vacate Are Substantially Similar and Apple has Met the Standard for Reconsideration.

Even if this Court were to construe Apple's motion as one to reconsider, Apple's motion should still be granted. *Himmelberger v. Lamarque*, No. C-03-3011RMW(PR), 2009 WL 1012674, at *1 (N.D. Cal. Apr. 15, 2009) (construing motion to vacate order as a motion to reconsider); *Wright v. Baires*, No. CIV 08-1213 JTM(LSP), 2009 WL 559704, at *1 (E.D. Cal. Mar. 4, 2009) (construing motion to vacate order as a motion to reconsider). Even if treated as a

motion to reconsider, the Court should rule on the merits of Apple's Motion since absent this Court's ruling, Apple and Mr. Rollins would suffer manifest injustice because it would otherwise be without an avenue to challenge the improper credibility determinations of the WDTX Court.

Indeed, motions to vacate a predecessor court's order mirror the substantive requirements of reconsideration. Specifically, reconsideration is appropriate if the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). This reconsideration standard echoes the motion to vacate requirements set forth in *United States v. Alexander*, as articulated in Apple's Motion: "(1) the first decision was clearly erroneous; (2) an intervening change in the law has occurred; (3) the evidence . . . is substantially different; (4) other changed circumstances exist; or (5) a manifest injustice would otherwise result." 106 F.3d 874, 876 (9th Cir. 1997) Consequently, Apple has also met the test for reconsideration within its moving papers, along with the procedural requirements set forth below. Even if this Court applies the standard for a motion for reconsideration, its ability to exercise its discretion on this issue is critical since this Court is subject to the orders (including findings of credibility) of the earlier judge. *Fairbank*, 212 F.3d at 530 ("ultimately the judge who enters the final judgment in the case is responsible for the legal sufficiency of the ruling, and is the one that will be reversed on appeal if the ruling is found to be erroneous.").

**(a) Apple Has Presented New Evidence and Facts**

Apple has presented evidence in its Motion that confirms each fact in Mr. Rollins's declaration to be true in view of the incorrect inferences WDTX Court made based on the record before it. Motion at 11-13. To that end, Apple's motion to transfer (Dkt. 37) included a declaration of Mark Rollins as Apple's corporate representative who gathered information about each relevant witness and was subject to a Rule 30(b)(6) deposition on venue issues. Corporate parties routinely introduce facts regarding its relevant witnesses through corporate representative declarations. The veracity of these facts can be assessed in deposition. But here Scramoge

- 6 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

declined to depose Mr. Rollins despite noticing him for a deposition under Rule 30(b)(6).

Nevertheless, unprompted by either party and without identifying any false information, the WDTX Court found Mr. Rollins to have submitted "misleading" and "unreliable" declarations in this and other cases simply by conducting the same exercise that other corporate representatives do in federal actions every day—gathering information and educating himself on various topics to speak on behalf of the company. To demonstrate that these findings were unfounded, Apple supplied declarations from each witness Mr. Rollins named in his declaration, confirming that the contents of Mr. Rollins's declaration were true and correct.[1] In addition, the declarations confirm that each witness spoke with Mr. Rollins concerning the facts set forth in Mr. Rollins's declaration and confirmed them to be true and correct. Moreover, Apple provided a sworn declaration from Fang Wang, a former Apple employee who relocated to China, stating that she is in fact a resident of China as originally stated by Mr. Rollins, and confirmed by her manager, Andrew O'Connell. *See* Dkt 72-1, Rollins Decl. at ¶ 11; O'Connell Decl. at ¶ 4; Wang Decl. at ¶ 2–3. This fact demonstrates the WDTX Court's improper deference to LinkedIn when weighed against a sworn declaration.[2] Ms. Wang lives in Shanghai, not Austin, and has not set foot in the United States within the last year. *Id.* at ¶ 3. This new evidence establishes that the Order is based on factual inaccuracies, providing an independent basis to grant Apple's Motion.

Scramoge's main effort to rebut this evidence is an attempt to capitalize on an inadvertent typographical error in Ms. Wang's declaration which states she reviewed Paragraph 11 of Mr. Rollins's declaration in support of Apple's motion to transfer, rather than Mr. Rollins's declaration in support of Apple's reply. Ms. Wang was not cited in Apple's motion to transfer because she is

---

[1] Declarations of Ruben Larsson ("Larsson Decl."), Brandon Garbus ("Garbus Decl."), Krista Grewal ("Grewal Decl."), Vitor Silva ("Silva Decl."), Kevin Hartnett ("Hartnett Decl."), Alex Pollard ("Pollard Decl."), John Tolman ("Tolman Decl."), Matthew Marks ("Marks Decl."), Jeremy Meyers ("Meyers Decl."), Zao Yang ("Yang Decl."), Andrew O'Connell ("O'Connell Decl.")

[2] Scramoge argues Apple "disparage[s]" the use of LinkedIn profiles even though it has previously submitted LinkedIn profiles in support of transfer briefing. Opposition at 12. However, Apple has only used LinkedIn profiles when it can investigate the veracity of the profile, speak with relevant individuals, and confirm that the profile is true and correct. Neither Scramoge nor the WDTX Court did any such investigation here.

- 7 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

not relevant to the issues in this case. It was not until Scramoge put her at issue in its opposition that Apple investigated her lack of relevance. Scramoge of course knew this, but still makes much of this typographical error to incorrectly claim her declaration is "incorrect on its face." Nevertheless, Ms. Wang has since signed an amended declaration addressing this typographical error. *See* Ex. A, ¶ 4.

Scramoge also splits hairs by arguing that because the conversations with Mr. Rollins and each witness "occurred between October 14, 2021 and April 8, 2022, before the completion of Apple's transfer briefing on April 13, 2022," that these twelve declarations are somehow not new evidence that should be considered in a motion to vacate an incorrect finding. This is not so. The facts attested to in these declarations, which are based on each witness's review of Mr. Rollins's earlier declarations, corroborate that every fact set forth by Mr. Rollins was true and correct. These declarations thus are new evidence that contravenes the WDTX Court's findings.

**(b) The WDTX Court's Credibility Determination was in Clear Error.**

Although the clearly erroneous standard requires deference, "the presumption of correctness that attaches to factual findings is stronger in some cases than in others." *Newton v. Nat'l Broad. Co.*, 930 F.2d 662, 670 (9th Cir. 1990) (internal citations and quotations omitted). Here, there is no basis for applying a strong presumption. *First*, the WDTX Court made conclusions that were not based on, but instead contravene, the undisputed evidence. *Second*, the presumption of correctness cannot carry its "maximum force" here because the WDTX Court had no "opportunity to observe the demeanor of the witness[]." *Id.* at 671 (internal citations and quotations omitted). The WDTX Court did not take the opportunity to "consider the factors that underlie credibility: demeanor, context, and atmosphere," but instead chose to rely on an out-of-context "cold record," including filings from other unrelated cases.[3] *Walker v. Davis*, 822 F.

[3] The WDTX Court stated, for example, that "Mr. Rollins frequently and repeatedly submitted unreliable and misleading declarations to this Court." The WDTX Court followed this statement with a two-page string cite of cases in which Mr. Rollins submitted declarations in support of Apple's venue motions, but the WDTX Court identified no "unreliable" or "misleading" information in any of these declarations. Instead, it merely included parentheticals identifying

- 8 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

App'x 549, 559 (9th Cir. 2020) (internal citations as quotations omitted). *Third*, "the presumption applies with less force when a factfinder's findings rely on its weighing of evidence and drawing of inferences"—exactly what the WDTX Court did. *Newton*, 930 F.2d at 671.

This Court should not without scrutiny accept the credibility finding that it inherited, especially since that finding was made without full briefing on the facts found and gave substantial weight to several incorrect statements of fact and unfounded inferences. *First*, the WDTX Court relied on Ms. Wang's outdated personal location on LinkedIn to hold that she "resides in Austin, Texas," despite evidence in Mr. Rollins's declaration to the contrary. Dkt. 82 at 13. The WDTX Court also found that she possessed relevant knowledge of the Accused Features, *i.e.*, wireless power receiving modules, because of her work on "power adapter designs," also despite evidence to the contrary. Dkt. 82 at 13; Dkt 72-1, Rollins Decl. at ¶ 11. Both of these findings have been conclusively established as false and Scramoge does not contest either fact. *See* Wang Decl. at ¶ 3. *Second*, in relation to the irrelevant witnesses Scramoge put at issue in its opposition to Apple's motion to transfer (Dkt. 68 at 5-8), including Ms. Wang, the WDTX Court's finding that "Mr. Rollins must not have been given any corporate records that mention these [six] Apple witnesses nor talked to individuals before making his declaration" and that "Mr. Rollins's knowledge is based on a deficient investigation" is *factually incorrect*. Dkt. 82 at 9. Apple has provided declarations of all six individuals which attest to (1) their role at Apple, (2) that their work does not relate to the Accused Features, (3) that they discussed their role with Mr. Rollins prior to Mr. Rollins executing his transfer reply declaration, and (4) that they have reviewed Mr. Rollins's declaration and the facts set forth therein were true and correct. *See* Pollard Decl. at ¶ 3-5; Tolman Decl. at ¶ 3-5; Marks Decl. at ¶ 3-5; Meyers Decl. at ¶ 3-5; Yang Decl. at ¶ 3-5; O'Connell Decl. at ¶ 3-6. As the trial court, this Court should be afforded the opportunity to make its own credibility determinations regarding all of the witnesses, including Mr. Rollins.

**(c) The Credibility Determination Will Lead to Manifest Injustice.**

Apple's Motion demonstrated the reasons why manifest injustice would result if the

some of the subject matter covered by each of the declarations. *See Scramoge v. Apple Inc.*, Case No. 6:21-cv-00579, Dkt. 82 at 4-6 (W.D. Tex. May 25, 2022).

- 9 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

incorrect findings are maintained. This Court can vacate or reconsider WDTX Court's credibility determination based on its incorrect application of the law because "to let it stand would work a manifest injustice." *Duarte Nursery, Inc. v. United States Army Corps of Engineers*, No. 2:13-CV-02095-KJM-AC, 2016 WL 4717986, at *13 (E.D. Cal. June 10, 2016) (reconsidering summary judgement claims decided by predecessor judge); *E.E.O.C. v. Serrano's Mexican Restaurants, LLC*, 306 F. App'x 406, 407 (9th Cir. 2009) (citation omitted) ("[t]here is no strict prohibition against one district judge reconsidering and overturning the interlocutory order or ruling of a prior district judge in the same case before final judgment"). Manifest injustice may occur where a prior court makes an error that is "direct, obvious, and observable." *S.E.C. v. Pattison*, No. C-08-4238 EMC, 2011 WL 2293195, at *3 (N.D. Cal. June 9, 2011) (citation omitted). As Apple outlined in its Motion, the WDTX Court's credibility determination contained numerous factual and legal inaccuracies regarding Mr. Rollins.

The WDTX Court unfairly faulted Mr. Rollins for several types of behavior that witnesses in civil litigation routinely engage in—particularly corporate representatives, such as those offering testimony for a corporation including by testifying pursuant to Federal Rule of Civil Procedure 30(b)(6). Motion at 6. But when analyzing the transfer factors under Fifth Circuit law, the WDTX Court and the Federal Circuit largely *credited* Mr. Rollins's declaration as Apple's corporate representative in other matters. As this Court has previously held, a Rule 30(b)(6) designee "is not required to have personal knowledge." *Cooper v. United Air Lines, Inc.*, 82 F. Supp. 3d 1084, 1096 (N.D. Cal. 2015); *see also La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) ("It is not expected that the designee have personal knowledge as to all relevant facts; however, the designee must become educated and gain the requested knowledge to the extent reasonably available.") Here, Mr. Rollins stated under oath that his declaration was based on his "personal knowledge, [his] review of corporate records maintained by Apple in the ordinary course of business, and/or [his] discussions with Apple employees." Dkt. 37-1 at ¶ 2. The declarations attached in support of Apple's Motion confirm that each witness spoke with Mr. Rollins about the relevant facts set forth in his declaration. *See*

- 10 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

Larsson Decl., Garbus Decl., Grewal Decl., Hartnett Decl. Silva Decl. Pollard Decl., Tolman Decl., Marks Decl., Meyers Decl., and Yang Decl.at ¶¶ 3–5; and O'Connell Decl. at ¶¶ 3-6. The WDTX Court's determination that Mr. Rollins "must not have talked to individuals," and the conclusion that Mr. Rollins's declaration was "based on a deficient investigation" are both factually incorrect. Dkt. 82 at 9. To let this finding stand (and presumably loom at summary judgment and at trial during Mr. Rollins's or Apple's damages expert's testimony) would be unduly prejudicial to Apple who relies on Mr. Rollins to serve as Apple's corporate representative on damages issues.

Moreover, it is manifestly unjust for the transferor court's credibility determination to go unreviewed by this Court, given Mr. Rollins is a witness in this matter and he simply acted in a manner consistent with how 30(b)(6) witnesses address similar issues. *In re JDS Uniphase Corp. Sec. Litig.*, No. C–02–1486 CW (EDL), 2007 WL 219857, at *1 (N.D. Cal. Jan. 29, 2007) ("The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources."); *Louisiana Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer*, 285 F.R.D. 481, 486 (N.D. Cal. 2012) ("The designee may become educated by reasonably obtaining information from documents, past employees, or other sources."). This is particularly so because addressing these issues to this Court is Apple's available remedy, given that the case was transferred. Had the transfer been denied, Apple could have addressed these issues to the WDTX Court. Scramoge faults Apple for not seeking a writ of mandamus before the Federal Circuit, but that relief is only available when there is no adequate remedy available, such as a motion to vacate before this Court.

A negative determination by a federal judge of an individual's credibility has consequences that may be felt in both professional and personal life. It is manifestly unjust that the WDTX Court issued this unfounded credibility determination, denied Apple's request to seal the order pending appellate review, and immediately published the order without an opportunity for Apple to first seek appellate review, thereby exposing Mr. Rollins to unnecessary censure. Apple's Motion should thus not be denied as "futile" as Scramoge argues. Opposition at 15. Scramoge

- 11 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

further states that "Apple did not petition for a writ of mandamus to keep the transfer order under seal." This position is untenable. The WDTX Court denied Apple's motion to seal and published the transfer order publicly ***six minutes*** later, despite Apple's specific request to keep the order sealed in order to exercise its appellate rights—any mandamus petition could not have unrung that bell. Further, Scramoge's argument that the Motion is futile because the credibility determination of Mr. Rollins has already been cited in other litigation actually underscores the very purpose for this Motion as it relates to this case. *See Arigna Tech. Ltd. v. Samsung Elecs. Co., Ltd.*, No. 6:21-cv-00943-ADA Dkt. No. 85, at 8 (W.D. Tex. June 2, 2022); BillJCo, LLC's Combined Petition for Rehearing and Rehearing En Banc, *In re Apple, Inc.*, No. 22-137, Doc. 17 (June 24, 2022) (filing rehearing petition because the "evidence on which [the Federal Circuit's decision] relied has been called into question by the trial court's credibility determination with respect to Rollins"). If this credibility finding is permitted to stand, the falsities in this Order will be cited repeatedly, in this case and others as they already have, despite the lack of evidentiary support. This was the clear intention of the WDTX Court who, in denying Apple's motion to seal the Order, stated the immediate publication of its disparaging statements was necessary because other unnamed "[REDACTED] [REDACTED]." *Scramoge v. Apple Inc*., Case No. 6:21-cv-00579, Dkt. 81 (W.D. Tex. May 25, 2022).

The factual inaccuracies relied upon by the WDTX Court in making its credibility determination are *direct, obvious, and observable* based on the evidence provided within the declarations of numerous current and former Apple employees. It would be manifestly unjust to allow an incorrect credibility determination made by another court to stand in this Court, who did not make that incorrect finding. Accordingly, Apple asks this Court to vacate, modify, or reconsider the order and make its own credibility determination.

**2. Scramoge's Argument that Apple Motion is a Procedurally Defective Motion for Reconsideration Diverts from the Merits.**

Apple's Motion is one to vacate in part the transfer order regarding the incorrect credibility

- 12 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

determination of Mark Rollins. Instead of directly addressing the substantive factors under which Apple brings its motion, Scramoge's Opposition leads with Apple's alleged procedural deficiencies with a motion to vacate versus a motion for reconsideration. This departs from the substance of Apple's motion and seeks to divert the Court toward the procedural technicalities. As shown above, even if Apple brought its motion as one to reconsider, this Court should still grant its motion.

*First*, Scramoge states that despite Apple bringing a motion to vacate and not a motion to reconsider it did not request leave of court under L.R. 7-9. Opposition at 6. Setting aside that Apple was under no obligation to request leave to file its motion to vacate, if Apple's motion were brought as one for reconsideration, this Court could exercise its inherent authority to consider the motion on the merits. In *Columbia*, a case which Scramoge cites, the Court rejected the same argument Scramoge proffers here. Specifically, the Court rejected the notion that the motion was procedurally improper because it violated the Southern District of California's L.R. 7.1(i) – a similar rule to NDCA's L.R. 7-9 but requiring a declaration certifying the basis for moving to reconsider an order. *Columbia*, No. 20-CV-709-JLS (JLB), 2021 WL 230029, at *7 (finding that "to the extent Columbia's Motion fails to comply with Civil Local Rule 7.1(i), the Court can exercise its inherent authority to nevertheless consider the Motion on its merits"); *see also In re Palomar Crash of Jan. 24, 2006*, No. 06-CV-02711-DMS-POR, 2009 WL 10671588, at *1 (S.D. Cal. Jan. 21, 2009) (exercising inherent authority to consider a motion for reconsideration that did not comply with local procedural requirements).

Further, Scramoge's citation to *In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d at 1108, undercuts Scramoge's argument. Opposition at 6. In *In re Google*, Google filed a renewed application to seal portions of the plaintiff's Complaint. *Id.* at 1108. In it, Google restated the same reasoning for which it sought to seal in the first place, which the Court denied. *Id.* at 1109. While the Court criticized Google's renewed request for, *inter alia*, not complying with L.R. 7-9(a), it nonetheless *granted in-part* Google's motion. *Id.* Apple's motion here is more meritorious than the motion in *In re Google*. For example, Apple does not seek to renew its

motion to seal the transfer. Rather, as explained in its Motion and herein, Apple moves to vacate the *sua sponte* findings of the WDTX Court. In so doing, Apple has supported its motion with additional evidence and argument. Thus, *In re Google* is inapposite and does not support Scramoge's position that Apple's motion should be dismissed for not requesting leave of Court—even if its motion were considered as a motion for reconsideration.

*Second,* Scramoge's diligence argument is unfounded, and the underlying facts actually cut in Apple's favor. Opposition at 7. This motion was filed a mere 17 calendar days after receiving the May 17, 2022 transfer order. In that time, which included a national holiday, Apple moved the transferor district to keep this unprecedented attack under seal on May 24—the day redactions of the Order were due, analyzed the many inaccuracies that formed the basis of the WDTX Court's finding on Mr. Rollins, and gathered twelve different witness declarations in support of this motion, including from a former employee located in China. Gathering the amount of evidence Apple compiled in support of its Motion was a large undertaking which in fact demonstrates diligence, not a lack thereof. For similar reasons, Scramoge's reliance on *DeVries v. Experian Info. Sols., Inc.*, No. 16-CV-02953-WHO, 2017 WL 3394750, at *1 (N.D. Cal. Aug. 8, 2017), is incorrect. In *DeVries*, the Court denied a motion for reconsideration where plaintiff lacked diligence in bringing his motion by waiting 47 days after publication of a case that he contended was a material change in law. *Id.* Here, once the case was transferred to NDCA, Apple filed its motion and accompanying evidence in support within ten days.

*Third*, Apple does not repeat any argument in its Motion that it made "in support of or in opposition to *the interlocutory order*." N.D. Cal. Civ. L.R. 7-9(c) (emphasis added). Indeed, L.R. 7-9(c) requires that reconsideration motions must not repeat arguments made in the briefing or argument for the underlying motion. Here, the credibility determination made by the WDTX Court was never put at issue by Apple or Scramoge in the motion to transfer or subsequent briefing, for the simple reason that the WDTX Court's unsupported attacks on credibility had not yet been made. Thus, Scramoge's argument that Apple has repeated its arguments fails. Opposition at 7-10. Indeed, Scramoge cites for this proposition not Apple's motion to transfer

- 14 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC

briefing, but its motion seal the portions of the transfer order regarding the credibility determination to avoid irreparable harm to Mark Rollins. This motion was unequivocally not "in support of or in opposition to" the transfer order. N.D. Cal. Civ. L.R. 7-9(c). Rather, it was a motion to seal the transfer order.

## III. CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court vacate the incorrect and baseless credibility finding about Mr. Rollins in the Order.

DATED: June 24, 2022

Respectfully submitted,

KILPATRICK TOWNSEND & STOCKTON LLP

By: */s/ Steven D. Moore*
STEVEN D. MOORE

Attorneys for Defendant Apple Inc.

- 15 -

APPLE INC.'S REPLY TO SCRAMOGE'S OPPOSITION TO MOTION TO VACATE IN PART THE TRANSFER ORDER
CASE NO. 3:22-CV-03041-JSC