UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LIMITED,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　　Defendant. | Case No. 22-cv-03041-JSC<br><br>**ORDER RE: APPLE'S MOTION FOR A PROTECTIVE ORDER**<br><br>Re: Dkt. No. 124 |

Apple has moved for summary judgment on Scramoge's patent infringement claims on the grounds that it has a license to the patents. (Dkt. No. 126.) Now pending before the Court is a joint discovery letter regarding Apple's insistence that the license agreements be shown in unredacted form only to Scramoge's outside counsel, and that Scramoge's designated representatives only be allowed to review particular paragraphs Apple deems relevant. (Dkt. No. 124.)

Upon a showing of "good cause," a court may "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" in discovery by "requiring that trade secret or other confidential . . . commercial information not be revealed, or be revealed only in a specified way." Fed. R. Civ. P. 26(c). Apple, as the party seeking the protective order, has the burden of showing that the protection is warranted. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Generally, good cause requires the moving party to show that specific prejudice or harm will result if the protective order is not issued. *Id.* "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (cleaned up).

1   Apple has shown that it would suffer harm if the license agreements were made public;
2   indeed, it goes to great lengths to keep them confidential.  (Dkt. No. 124-1.)  What it has not
3   shown is that it would suffer harm if Scramoge's three designated representatives—all licensed
4   attorneys—are able to discuss with their outside counsel the entirety of the license agreements
5   upon which Apple's motion for summary judgment is based.  Other than the amount of
6   consideration, Apple does not provide an explanation as to how Scramoge could use the license
7   agreement information to Apple's disadvantage.  Accordingly, while Scramoge's outside counsel
8   may not provide a copy of the license agreements to the three identified client representatives,
9   counsel may discuss and orally disclose all of their terms (except the amount of consideration)
10  with the Scramoge representatives, assuming the representatives sign an appropriate protective
11  order.

This Order disposes of Docket No. 124.

**IT IS SO ORDERED.**

Dated: September 16, 2022

_Jacqueline Scott Corley_
JACQUELINE SCOTT CORLEY
United States District Judge