UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCRAMOGE TECHNOLOGY LIMITED,<br><br>    Plaintiff,<br><br>  v.<br><br>APPLE, INC.,<br><br>    Defendant. | Case No. 22-cv-03041-JSC<br><br>**ORDER RE: DEFENDANT'S MOTION TO STAY PENDING INTER PARTES REVIEW**<br><br>Re: Dkt. No. 179 |

Scramoge Technology Ltd. (Scramoge) sues Apple, Inc. (Apple) for infringing its patents. (Dkt. No. 12.)[1] Before the Court is Apple's motion to stay pending *inter partes* review. (Dkt. No. 179.) After carefully considering the briefing, and with the benefit of oral argument on August 24, 2023, the Court DENIES Apple's motion to stay because the Patent Trial and Appeal Board has issued its Final Written Decisions on each of the Asserted Patents.

**BACKGROUND**

On May 25, 2023, Apple filed its motion requesting a stay pending resolution of *inter partes* review proceedings challenging all Asserted Claims of each Asserted Patent. (Dkt. No. 179.) Since then, the Patent Trial and Appeal Board has issued its Final Written Decisions as to each patent. (Dkt. No. 203 at 2-3.) The Board found all asserted claims of U.S. Patent Nos. 9,997,962 (the '962 patent), 9,843,215 (the '215 patent), and 10,622,842 (the '842 patent) unpatentable. (*Id*.) The Board found U.S. Patent No. 10,804,740 (the '740 patent) and claim 13 of U.S. Patent No. 9,806,565 (the '565 patent) not unpatentable. (*Id*.) As a result, only the '740 patent and claim 13 of the '565 patent are currently actionable. *See Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1340 (Fed. Cir. 2013) ("[W]hen a claim is cancelled, the patentee loses

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

1   any cause of action based on that claim, and any pending litigation in which the claims are

2   asserted becomes moot.").

3   Despite the Board's final decisions, Apple still seeks a stay through the parties' anticipated

4   appeals of the Board's decisions. (Dkt. Nos. 179, 204 at 18.) Scramoge seeks to move forward

5   with the '740 patent and claim 13 of the '565 patent and requests the Court either sever the

6   invalidated patents into a separate action pending appeal or dismiss the invalidated patents without

7   prejudice. (Dkt. No. 204 at 18.)

## DISCUSSION

9   *Inter partes* review is a procedure by which the Patent Trial and Appeal Board reexamines

10  whether a patent is patentable. Once an *inter partes* petition is filed, the U.S. Patent and

11  Trademark Office must decide within three months whether to grant a petition for *inter partes*

12  review. 35 U.S.C. § 314(b). If the petition is granted, the Patent Trial and Appeal Board must

13  complete *inter partes* review within one year. 35 U.S.C. §§ 6(a)-(c), 316(a)(11).

14  "Courts have inherent power to manage their dockets and stay proceedings, including the

15  authority to order a stay pending conclusion of a [Patent and Trademark Office] reexamination."

16  *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (cleaned up). There is a liberal

17  policy in favor of granting motions to stay proceedings pending the outcome of *inter partes*

18  proceedings, but no *per se* rule requiring a stay pending reexaminations. *Advanced Micro*

19  *Devices, Inc. v. LG Elecs., Inc.*, No. 14-CV-01012-SI, 2015 WL 545534, at *2 (N.D. Cal. Feb. 9,

20  2015). "A court is under no obligation to delay its own proceedings where parallel litigation is

21  pending before the [Patent Trial and Appeal Board]." *Capella Photonics, Inc. v. Cisco Sys., Inc.*,

22  No. C-14-3348 EMC, 2014 WL 12957991, at *1 (N.D. Cal. Oct. 14, 2014).

23  In determining whether to stay this litigation, the Court considers three factors: "(1)

24  whether discovery is complete and whether a trial date has been set; (2) whether a stay would

25  simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice

26  or present a clear tactical disadvantage to the non-moving party." *PersonalWeb Techs., LLC v.*

27  *Apple Inc.*, 69 F. Supp. 3d 1022, 1025 (N.D. Cal. 2014).

28  The first factor weighs in favor of a stay because this case is in its early stages. Limited

1  discovery has been conducted, no depositions are scheduled, no expert discovery has commenced,
2  no dispositive orders have issued, and there is no trial date. *Regents of Univ. of Minnesota v. LSI*
3  *Corp.*, No. 5:18-CV-00821-EJD, 2018 WL 2183274, at *2 (N.D. Cal. May 11, 2018) ("While it is
4  true that the parties have begun and/or completed a number of their obligations under the patent
5  local rules (e.g., infringement contentions, invalidity contentions, claim construction discovery),
6  these are generally events that happen early in the life of a case and are not, by themselves, enough
7  to weigh against a stay. Far more work lies ahead than has been completed.").

8        The second factor weighs heavily against a stay because the Board has already issued its
9  Final Written Decisions as to all Asserted Claims of each Asserted Patent. The appropriateness of
10 a stay is necessarily different before *inter partes* review has been completed and during the
11 pendency of an appeal of *inter partes* review. *MasterObjects, Inc. v. eBay, Inc.*, No. 16-CV-
12 06824-JSW, 2018 WL 11353751, at *2 (N.D. Cal. Nov. 7, 2018). This is because "the prospect
13 for simplification of patent matters in a case wanes greatly after the [Board] has issued its [Final
14 Written Decision]." *Id*. ("[S]taying a case until an [*inter partes* review Final Written Decision] is
15 issued is often desirable because of the likelihood that this expert panel will bring its wisdom to
16 bear on often highly technical and idiosyncratic issues. Accordingly, by the time the Federal
17 Circuit reviews an appeal of a [Final Written Decision], the patent claims at issue have undergone
18 an adversarial process concerning their validity."). Here, the Board's Final Written Decisions
19 have already streamlined the issues in this case. *Largan Precision Co. v. Motorola Mobility LLC*,
20 No. 21-CV-09138-JSW, 2023 WL 3510388, at *3 (N.D. Cal. May 16, 2023) ("Given the
21 narrowing of the case, a stay no longer promotes the simplification of the issues in question. The
22 IPR proceedings related to the surviving claims of the '767 patent are resolved, and Motorola is
23 time-barred from challenging claim 5 of the '948 patent in an IPR petition."). Especially because
24 "the likelihood of the Federal Circuit's overturning the PTAB's IPR decision is approximately one
25 in ten," *MasterObjects*, 2018 WL 11353751, at *2, Apple has not met its burden to demonstrate a
26 stay pending appeals would further simplify the issues.

27       The third factor also weighs heavily against a stay because the Federal Circuit, unlike the
28 Board, has no statutorily imposed deadline to review an *inter partes* review Final Written

3

1  Decision.  "There is no clearly defined endpoint to a continued stay."  *Oyster Optics, LLC v. Ciena*
2  *Corporation*, No. 17-CV-05920-JSW, 2019 WL 4729468, at *4 (N.D. Cal. Sept. 23, 2019).
3  "[S]tatistics demonstrate that the median time for disposition of cases submitted to the Federal
4  Circuit is approximately one year" and "[a]n additional year or more is a long time to be asked to
5  continue to wait, particularly where the additional delay is pegged to a relatively low likelihood
6  that the Federal Circuit will overturn the [Board's Final Written Decision]."  *MasterObjects*, 2018
7  WL 11353751, at *3.

8        Apple proffers three cases to support its assertion that a stay pending appeal is warranted,
9  but none are persuasive.  In *Verinata Health*, the Board had instituted but not yet issued a final
10 decision on one of the plaintiff's asserted patents.  *Verinata Health, Inc. v. Ariosa Diagnostics,*
11 *Inc*, No. 12-CV-05501-SI, 2015 WL 435457, at *3 (N.D. Cal. Feb. 2, 2015).  Here, the Board has
12 issued its final decisions as to each Asserted Patent.  In *Realtime Data*, there were still *inter partes*
13 review petitions pending on some of the asserted claims.  *Realtime Data LLC v. Silver Peak Sys.,*
14 *Inc.*, No. 17-CV-02373-PJH, 2018 WL 3744223, at *1 (N.D. Cal. Aug. 7, 2018).  Here, there are
15 no *inter partes* review petitions pending.  In *Cellwitch*, the parties appealed the *only* patent in
16 dispute and the district court stayed the case.  *Cellwitch Inc. v. Tile, Inc.*, No. 19-CV-01315-JSW,
17 2021 WL 9145413, at *3 (N.D. Cal. Oct. 8, 2021).  Here, there are many patents at issue and thus
18 it is less likely the appeals will finally resolve the underlying action.

19       Because the Board has already issued its Final Written Decisions as to all Asserted Claims
20 of each Asserted Patent, Defendant would be prejudiced by the imposition of an indefinite stay,
21 and there exists a low likelihood the Federal Circuit's disposition of the parties' *inter partes*
22 appeals will change the scope of this case, the Court in its discretion declines to stay the entire
23 case pending *inter partes* appeals to the Federal Circuit.

## CONCLUSION

25       Accordingly, the Court DENIES Apple's motion to stay.  Discovery and claim
26 construction will proceed as to the '740 patent and claim 13 of the '565 patent.  However, as
27 discussed at the hearing, the Court is inclined not to schedule trial until the appeals of the Patent
28 Trial and Appeal Board's Final Written Decisions are exhausted for each Accused Patent to ensure

there is only one trial involving the accused products in this case.

In accordance with the District's Patent Local Rules, Plaintiff shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions" by September 7, 2023.  Patent L. R. 3-1, 3-2.  Defendant shall serve on all parties a "Disclosure of Asserted Claims and Invalidity Contentions" by October 23, 2023.  Patent L. R. 3-3, 3-4.  By November 6, 2023, the parties shall exchange their proposed terms for construction.  Patent L. R. 4-1.  By November 27, 2023, the parties shall exchange preliminary claim constructions.  Patent L. R. 4-2.  By January 5, 2024, the parties shall complete and file a Joint Claim Construction and Prehearing Statement.  Patent L. R. 4-3.  By February 5, 2024, the parties shall complete all claim construction discovery.  Patent L. R. 4-4.  By February 19, 2024, Scramoge shall serve and file its opening claim construction brief.  Patent L. R. 4-5.  By March 4, 2024, Apple shall serve and file its responsive claim construction brief.  *Id*.  By March 11, 2024, Scramoge shall serve and file its reply claim construction brief.  *Id*. The Claim Construction Hearing is set for March 27, 2024 at 1:30 p.m. in person.

| Event | Date |
|---|---|
| Disclosure of Asserted Claims and Infringement Contentions | September 7, 2023 |
| Disclosure of Asserted Claims and Invalidity Contentions | October 23, 2023 |
| Exchange of Proposed Terms for Construction | November 6, 2023 |
| Preliminary Claim Constructions | November 27, 2023 |
| Joint Claim Construction and Prehearing Statement | January 5, 2024 |
| Completion of Claim Construction Discovery | February 5, 2024 |
| Opening Claim Construction Brief | February 19, 2024 |
| Responsive Claim Construction Brief | March 4, 2024 |
| Reply Claim Construction Brief | March 11, 2024 |
| Claim Construction Hearing | March 27, 2024 |

This Order disposes of Docket No. 179.

**IT IS SO ORDERED.**

Dated: August 25, 2023

JACQUELINE SCOTT CORLEY
United States District Judge